ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
JESSICA N. LEAL (SBN 267232)
jleal@fawlaw.com
FREITAS & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Defendant
EXXclaim Capital Partners I, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOCARDIA, INC. | No.  3:20-cv-02829-VC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE PORTIONS OF BIOCARDIA, INC.'S FIRST AMENDED COMPLAINT** |
| v. | |
| nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, | Date:     July 16, 2020<br>Time:    10:00 a.m.<br>Ctrm.    4<br>Judge:   Hon. Vince Chhabria |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF RELEVANT FACTS ............................................................ 2

II.   STATEMENT OF THE LAW ......................................................................... 3

    A.    Constructive Trusts ................................................................. 3

    B.    A Constructive Trust Is A Remedy, Not A Claim .................................. 4

III.  BIOCARDIA ASSERTS NO INDEPENDENT CLAIMS AGAINST EXXCLAIM ........ 5

IV.   EACH OF THE THREE ELEMENTS REQUIRED FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST IS MISSING ........................................................... 5

    A.    BioCardia Has Not Identified A Wrongful Act By Any Former Shareholder ........ 6

    B.    The "Res" Has Not Been Sufficiently Identified .................................... 9

    C.    The Former Shareholders Hold Nothing "Owned" By BioCardia ........................ 12

V.    LEAVE TO AMEND SHOULD BE DENIED ................................................... 14

VI.   THE IMPROPER CONSTRUCTIVE TRUST LANGUAGE SHOULD BE STRICKEN ................................................................................................ 15

VII.  CONCLUSION ........................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abovegem, Inc. v. Organo Gold Mgmt.*,
   2019 U.S. Dist. LEXIS 139303 (N.D. Cal. Aug. 16, 2019)......................................................13

*In re Advent Mgmt. Corp.*,
   104 F.3d 293 (9th Cir. 1997)...........................................................................................2, 7, 9

*In re Am. Principals Holdings, Inc.*,
   1987 U.S. Dist. LEXIS 16945 (S.D. Cal. July 9, 1987)......................................................9, 14

*Carpenters Local Union 721 v. Griggs*,
   2018 U.S. Dist. LEXIS 190004 (C.D. Cal. Nov. 5, 2018)......................................................2, 7

*DeSoto v. Yellow Freight Sys.*,
   957 F.2d 655 (9th Cir. 1992).....................................................................................................14

*Deutsche Bank Nat'l Trust Co. v. FDIC*,
   784 F. Supp. 2d 1142 (C.D. Cal. Jan 7, 2011) ...........................................................................4

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993)...................................................................................................15

*Flores v. Emerich & Fike*,
   2008 U.S. Dist. LEXIS 49385 (E.D. Cal. June 17, 2008)........................................................11

*Foman v. Davis*,
   371 U.S. 178 (1962)...................................................................................................................15

*Ganley v. County of San Mateo*,
   2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22, 2007).......................................................16

*Heller Financial, Inc. v. Midwhey Powder Co.*,
   883 F.2d 1286 (7th Cir. 1989)...................................................................................................16

*Hill v. US Bank, N.A.*,
   2012 U.S. Dist. LEXIS 196353 (C.D. Cal. Nov. 26, 2012)....................................................4, 5

*Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local
   Union No. 675 v. Foster*,
   332 F.3d 1234 (9th Cir. 2003)...................................................................................................10

*Internet Direct Response, Inc. v. Buckley*,
   2011 U.S. Dist. LEXIS 28344 (C.D. Cal. March 7, 2011) ......................................................13

*Lund v. Albrecht*,
    936 F.2d 459 (9th Cir. 1991) ...........................................................................4

*Malfatti v. Mortg. Elec. Registrations Sys., Inc.*,
    2011 U.S. Dist. LEXIS 136784 (N.D. Cal. Nov. 29, 2011) ...........................4

*Naton v. Bank of Cal.*,
    72 F.R.D. 550 (N.D. Cal. 1976) .....................................................................16

*Parrish v. Indymac Bank, Inc.*,
    2010 U.S. Dist. LEXIS 81652 (E.D. Cal. July 13, 2010) ................................6

*Tronzo v. Biomet, Inc.*,
    156 F.3d 1154 (Fed. Cir. 1998) ......................................................................13

*Van Dyke v. Lions Gate Entm't, Inc.*,
    2013 U.S. Dist. LEXIS 200278 (C.D. Cal. Aug. 14, 2013) ..........................6, 7

*VFD Consulting, Inc. v. 21st Servs.*,
    425 F. Supp. 2d 1037 (ND. Cal. March 15, 2006) .........................................13

*Viasphere Int'l v. Vardanyan*,
    2015 U.S. Dist. LEXIS 13434 (N.D. Cal. Feb. 4, 2015) ...............................12

**State Cases**

*Campbell v. Superior Court*,
    132 Cal. App. 904 (2005) ................................................................................5

*Communist Party of U.S. v. 522 Valencia, Inc.*,
    35 Cal. App. 4th 980 (1995) ....................................................................3, 4, 5

*Ehret v. Ichioka*,
    247 Cal. App. 2d 637 (1967) ...........................................................................9

*Embarcadero Municipal Improvement Dist. v. City of Santa Barbara*,
    88 Cal. App. 4th 781 (2001) ............................................................................4

*Farmers Ins. Exchange v. Zerin*,
    53 Cal. App. 4th 445 (1997) ....................................................................3, 4, 7

*Glue-Fold, Inc. v. Slautterback Corp.*,
    82 Cal. App. 4th 1018 (2000) ......................................................................4, 5

*Gorham v. Gilson*,
    28 Cal. 18 479 (1865) .....................................................................................10

*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*,
    175 Cal. App. 4th 1306 (2009) ....................................................................5, 7

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ...................................................................................................9

*Michaelian v. State Comp. Ins. Fund*,
  50 Cal. App. 4th 1093 (1996) ........................................................................................5, 9

*Nelson v. Anderson*,
  72 Cal. App. 4th 111 (1999) .........................................................................................10

*Pacific Lumber Co. v. Superior Court*,
  226 Cal. App. 3d 371 (1990) ......................................................................................4, 10

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro LLP*,
  150 Cal. App. 4th 384 (2007) ..........................................................................................4

*Stansfield v. Starkey*,
  220 Cal. App. 3d 59 (1990) ..............................................................................................4

*Tushinsky v. Arnold*,
  195 Cal. App. 3d 666 (1987) ..........................................................................................11

*Zumbrun v. USC*,
  25 Cal. App. 3d 1 (1972) ................................................................................................10

**Federal Statutes**

BioCardia Has Not Identified A Wrongful Act ...................................................................6

Trade Secrets under the Defend Trade Secrets Act ............................................................3

**State Statutes**

California Civil Code section 2223 ..................................................................................3, 6

California Civil Code section 2224 .............................................................................. *passim*

**Other Authorities**

5 B.E. Witkin, California Procedure, *Pleading*, § 840 (5th ed. 2008) ..............................4

Fed. R. Civ. Proc. 12(b)(6) .............................................................................................16

Fed. R. Civ. Proc. 12(f) ...................................................................................................15

Fed. R. Civ. Proc. 15(a)(2) .............................................................................................14

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, July 16, 2020 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Vince Chhabria in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the defendant EXXclaim Capital Partners I, LP ("EXXclaim") will, and hereby does, move the Court for dismissal of the following against EXXclaim: "Count II (Imposition of Constructive Trust Based on Unjust Enrichment) (Against All Defendants)," "Count III (Misappropriation of Trade Secrets under CUTSA) (Imposition of Constructive Trust Against Defendants Based on Their Unjust Enrichment)," and "Count IV (Misappropriation of Trade Secrets under the Defend Trade Secrets Act) (Imposition of Constructive Trust Against All Defendants)" of the plaintiff BioCardia, Inc.'s ("BioCardia") First Amended Complaint.

EXXclaim seeks an order dismissing all of BioCardia's counts against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. EXXclaim requests the Court to dismiss all of the counts against it with prejudice.

EXXclaim also moves, in the alternative, to strike portions of BioCardia's First Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. EXXclaim brings this motion to strike the following portions improperly seeking a remedy against it as either immaterial or impertinent or both: ECF No. 22 at (1) Page 2:7 [~~EXXclaim Capital Partners I, LP~~]; (2) Page 2:11-12 [~~and imposition of constructive trusts on the Shareholder Defendants' unjust enrichment~~]; (3) Page 6:8-14 [¶ 16]; (4) Page 23:19 to Page 24:1 [¶ 72]; (5) Page 25:6 [~~Against All Defendants~~]; (6) Page 25:24-27 [¶ 88]; (7) Page 26:3-4 [~~Imposition of Constructive Trust Against All Defendants Based on Their Unjust Enrichment~~]; (8) Page 27:9-12 [¶ 98]; (9) Page 27:15 [~~Imposition of Constructive Trust Against All Defendants~~]; (10) Page 28:23-26 [¶ 109]; (11) Page 29:10-12 [¶ 6]; and (12) Page 29:14 [~~or the Shareholder Defendants~~].

This motion shall be based on this notice of motion and motion, the supporting memorandum of points and authorities herein, the pleadings and papers on file, and upon such further matters the Court deems appropriate.

1

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

2    Although it does not accuse any of them of a breach of contract or tortious wrongdoing,

3    BioCardia, Inc. ("BioCardia") has sued nineteen former shareholders of defendant nVision

4    Medical Corporation ("nVision"), including EXXclaim Capital Partners I, LP ("EXXclaim"), on

5    the theory that each of the former shareholders is an involuntary trustee pursuant to a

6    "constructive trust." Because BioCardia does not state a claim against EXXclaim, it has no basis

7    for requesting a remedy, and the First Amended Complaint must be dismissed.

8    The counts directed against EXXclaim should independently be dismissed because

9    BioCardia has no rights in the funds the former shareholders received in exchange for the sale of

10   their nVision shares. Thus, even if BioCardia had alleged that the funds were acquired as a result

11   of a wrongful act, it would not be entitled to impose a constructive trust over them.

12   **I.      STATEMENT OF RELEVANT FACTS.**

13   The only allegations in BioCardia's First Amended Complaint that address EXXclaim

14   appear in a small number of statements about the collectively defined "Shareholder Defendants"

15   (*see* ECF No. 22 at 2:9-10):

16   - ECF No. 22 at 2:1-12: Plaintiff BioCardia, Inc. alleges claims against
17     [defendants] seeking correction of inventorship, damages, including damages for
        Defendant's misappropriation of trade secrets and Ms. Surbhi Sarna's breach of
18     contract, and imposition of constructive trusts on the Shareholder Defendants'
        unjust enrichment.

19   - ECF No. 22 at 6 (¶16): BioCardia is informed and believes and on that basis
20     alleges that defendant EXXclaim [ ] is a former shareholder of nVision whose
        shares were acquired by Boston Scientific Corporation, 90% of the initial
21     consideration for which was paid in cash and 10% held in escrow, and additional
        consideration for which shares is subject to an earnout based on nVision's
22     performance.

23   - ECF No. 22 at 23 (¶ 72): *Imposition of a Constructive Trust Against the
        Shareholders Defendants Is Proper Even if They Engaged in no Wrongdoing.*
24     Imposition of a constructive trust against the Shareholder Defendants is
        appropriate even if they did not commit a wrongful act because the amount
25     Boston Scientific Corporation paid them for their nVision shares at least partially
        resulted from Ms. Sarna's and nVision's wrongful conduct. Under California law,
26     "the remedy of a constructive trust does not require that the person currently
        holding the property committed any wrongful act in obtaining the property, only
27     that the property at issue was wrongfully gained, even if by accident or mistake."
        Carpenters Local Union 271 v. Griggs, CV-17-4460 DSF (MRWx), 2018 WL
        6003577, *3 (C.D. Cal. Nov. 5, 2018), citing In re Advent Management Corp.,
28     104 F.3d 293, 295 (1997).

- ECF No. 22 at 25 (¶ 88), 27 (¶ 98), and 28 (¶ 109): BioCardia also seeks imposition of a constructive trust against the Shareholder Defendants for the benefit of BioCardia in the amount of their unjust enrichment based on how much Boston Scientific Corporation paid them for their nVision shares resulting from Ms. Sarna's and nVision's wrongful conduct as herein alleged.

Other than a paragraph identifying EXXclaim, there are no unique allegations about EXXclaim. A constructive trust remedy is sought against EXXclaim and the other "Shareholder Defendants" in Count II ("Imposition of Constructive Trust Based on Unjust Enrichment"), Count III ("Misappropriation of Trade Secrets under CUTSA"), and Count IV ("Misappropriation of Trade Secrets under the Defend Trade Secrets Act"). No remedy is sought against any of the Shareholder Defendants in Count I ("Correction of Inventorship"). *See* ECF No. 22 at 24:2-25:4 (¶¶ 73-80).

## II.      STATEMENT OF THE LAW.

### A.      Constructive Trusts.

As explained in *Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995), "[a] constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of *property* from the person *wrongfully* holding it to the *rightful* owner. The essence of the theory of constructive trust is to prevent unjust enrichment and to prevent a person from taking advantage of his or her own wrongdoing." The California constructive trust remedy is based on two statutes. California Civil Code section 2223 provides that "[o]ne who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Cal. Civ. Code § 2223. California Civil Code section 2224 states that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Cal. Civ. Code § 2224. "As these sections suggest, 'a constructive trust may be imposed in practically any case where there is a *wrongful* acquisition or detention of property to which another is entitled.'" *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 457 (1997) (citing *Weiss v. Marcus*, 51 Cal. App. 3d 590, 600 (1975)) (emphasis in original).

1      This equitable remedy compels the transfer of wrongfully held property to its rightful

2   owner. *See Communist Party*, 35 Cal. App. 4th at 990; *Farmers*, 53 Cal. App. 4th at 457; *Pacific*

3   *Lumber Co. v. Superior Court*, 226 Cal. App. 3d 371, 378 (1990).

4              **B.        A Constructive Trust Is A Remedy, Not A Claim.**

5      A constructive trust is a remedy imposed by a court upon a finding that a party has

6   committed fraud, breach of fiduciary duty, or another wrongful act that entitles the plaintiff to that

7   specific form of equitable relief. The law is clear that a constructive trust is not a claim, but a

8   remedy, under California law. *See, e.g., PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser,*

9   *Weil & Shapiro LLP*, 150 Cal. App. 4th 384, 398 (2007) (constructive trust is "an equitable

10  remedy, not a substantive claim for relief"); *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App.

11  4th 1018, 1023 n. 3 (2000) (constructive trust is "not an independent cause of action but merely a

12  type of remedy for some categories of underlying wrong"); *Lund v. Albrecht*, 936 F.2d 459, 464

13  (9th Cir. 1991) (a constructive trust "is a remedial device, not a substantive claim on which to

14  base recovery"); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 76 (1990) ("[A]ppellants alleged, as

15  causes of action, a resulting trust and a constructive trust. But neither is a cause of action, only a

16  remedy."); *Malfatti v. Mortg. Elec. Registrations Sys., Inc.*, 2011 U.S. Dist. LEXIS 136784, *6-7,

17  2011 WL 5975055 (N.D. Cal. Nov. 29, 2011); 5 B.E. Witkin, California Procedure, *Pleading*, §

18  840 (5th ed. 2008).

19     As a remedy, of course, a request for a constructive trust is dependent on a substantive

20  basis of liability. Being dependent on other causes of action, the constructive trust remedy cannot

21  stand alone. *See Hill v. US Bank, N.A.*, 2012 U.S. Dist. LEXIS 196353, *22-23 (C.D. Cal. Nov.

22  26, 2012) ("Because we conclude that Plaintiffs fail to state any claim against any Defendants,

23  Plaintiffs have no basis to seek a constructive trust. Accordingly, Plaintiffs' claim for constructive

24  trust is DISMISSED without leave to amend."); *Deutsche Bank Nat'l Trust Co. v. FDIC*, 784 F.

25  Supp. 2d 1142, 1163 (C.D. Cal. Jan 7, 2011) ("because the Court dismisses the breach of contract

26  claim against FDIC-C, Deutsche Bank has no substantive claim supporting its construction trust

27  claim against that entity. The Court therefore DISMISSES the constructive trust claim against

28  FDIC-C."); *Embarcadero Municipal Improvement Dist. v. City of Santa Barbara*, 88 Cal. App.

4th 781, 793 (2001) ("A constructive trust is not a substantive device but merely a remedy, and an action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right.").

### III.     BIOCARDIA ASSERTS NO INDEPENDENT CLAIMS AGAINST EXXCLAIM.

BioCardia has not alleged any claims against EXXclaim. The only allegations involving EXXclaim and the other former shareholders are for the imposition of a constructive trust, and those allegations are not accompanied by further allegations accusing the former shareholders of wrongful conduct. The mere conclusory assertion that "Shareholder Defendants" hold some type of property over which BioCardia wants a constructive trust does not state a claim or justify dragging the former shareholders into this lawsuit. Absent facts sufficient to allege EXXclaim did something wrong in procuring property belonging to BioCardia, there is no occasion for a discussion of a "constructive trust" or any other remedy for BioCardia or against EXXclaim.

The First Amended Complaint does not accuse EXXclaim of a breach of contract, of misappropriating a trade secret, or any other wrongful act, and BioCardia's assertion of entitlement to a remedy against EXXclaim is not a basis on which EXXclaim might be forced to become a party to this case. *See Hill v. US Bank, N.A.*, 2012 U.S. Dist. LEXIS 196353, *22-23 (C.D. Cal. Nov. 26, 212); *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n. 3 (2000); *Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114 (1996) ("pleading requirements [for a constructive trust] are: (1) facts constituting the underlying cause of action, and (2) specific identifiable property to which defendant has title.").

### IV.     EACH OF THE THREE ELEMENTS REQUIRED FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST IS MISSING.

BioCardia not only fails to allege any substantive claim against EXXclaim, it fails to allege the elements of a resulting trust. A constructive trust may "only be imposed when three conditions are met: (1) the existence of a res, (2) the plaintiff's right to the res, and (3) the defendant's acquisition of the res by some wrongful act." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*, 175 Cal. App. 4th 1306, 1332 (2009); *Campbell v. Superior Court*, 132 Cal. App. 4th 904, 920, (2005); *Communist Party v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990

1   (1995).

2       If a plaintiff fails to allege even one of these elements, dismissal is proper. *See AJY*

3   *International, Inc. v. Paldo Co., Ltd.*, Case No. 17-cv-00744-VC at Dkt. No. 65 (N.D. Cal. June

4   6, 2017) ("Paldo's counterclaim for a constructive trust is dismissed because it has not alleged the

5   existence of money belonging to Paldo that is traceable to 'particular funds or property in [AJY's]

6   possession.").

7       BioCardia failed to allege each of the constructive trust elements, as discussed below.

8       **A.      BioCardia Has Not Identified A Wrongful Act By Any Former Shareholder.**

9       The counts in which EXXclaim and the other former shareholders are mentioned (*i.e.*,

10  Count II, Count III and Count IV) do not allege an underlying wrong by EXXclaim. Recall

11  Section 2223 states "[o]ne *who wrongfully detains* a thing is an involuntary trustee thereof, for the

12  benefit of the owner," and Section 2224 states "[o]ne *who gains a thing by fraud, accident,*

13  *mistake, undue influence, the violation of a trust, or other wrongful act*, is, unless he or she has

14  some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of

15  the person who would otherwise have had it."

16      BioCardia alleges wrongdoing by Surbhi Sarna and nVision, the company she founded,

17  but there are no comparable allegations against the former shareholders, or even a claim that any

18  is vicariously liable for the alleged acts of Ms. Sarna, who is not a party to this case, or nVision.

19  BioCardia's reliance on alleged "wrongful acts" by Ms. Sarna or nVision does not to fulfill the

20  requirement of "wrongful acts" by the parties it seeks to make an involuntary trustee. *See*, *e.g.*,

21  *Van Dyke v. Lions Gate Entm't, Inc.*, 2013 U.S. Dist. LEXIS 200278, *7-9, 2013 WL 12128771

22  (C.D. Cal. Aug. 14, 2013) (dismissing claim for constructive trust where "nothing about this

23  allegation plausibly shows that Lions Gate had any involvement in the alleged illicit [acts]");

24  *Parrish v. Indymac Bank, Inc.*, 2010 U.S. Dist. LEXIS 81652, *10-11, 2010 WL 2771915 (E.D.

25  Cal. July 13, 2010).

26      BioCardia alleges that Boston Scientific Corporation "acquired nVision, including all of

27  its intellectual property, through a Merger on April 13, 2018," ECF No. 22 at 2, ¶ 2, and that

28  EXXclaim "is a former shareholder of nVision whose shares were acquired by Boston Scientific

Corporation." ECF No. 22 at 6, ¶ 16. BioCardia makes absolutely no allegation that the receipt of the payments made to the former shareholders in exchange for their nVision shares constituted, in any way, a "wrongful acquisition" of the payments.

Boston Scientific Corporation acquired the shares of nVision from the former shareholders by paying the shareholders money for the shares – not through "fraud, accident, mistake, undue influence, or other wrongful acts," but through a merger. ECF No. 22 at 2, ¶ 2 and 6, ¶ 16. BioCardia has not alleged this bona fide business transaction was anything but a legitimate merger in which value was paid and value received.

In its pleading, BioCardia appears to argue (literally, to argue, in the complaint) that the imposition of a constructive trust against the former shareholders is proper even if the former shareholders did not engage in a wrongful act. *See* ECF No. 22 at 23, ¶ 72 ("*Imposition of a Constructive Trust Against the Shareholders Defendants Is Proper Even if They Engaged in no Wrongdoing*"). *Carpenters Local Union 721 v. Griggs*, 2018 U.S. Dist. LEXIS 190004, 2018 WL 6003577 (C.D. Cal. Nov. 5, 2018), is cited by BioCardia to explain its pleaded argument that "the remedy of a constructive trust does not require that the person currently holding the property committed any wrongful act in obtaining the property, only that the property at issue was wrongfully gained, even if by accident or mistake *[sic]*." ECF No. 22 at 23, ¶ 72.

If BioCardia contends the *Carpenters* case supports the proposition that courts should excise the requirement of a "wrongful act," that contention is mistaken. *See Van Dyke*, 2013 U.S. Dist. LEXIS 200278, at *7-9; *Habitat Trust for Wildlife*, 175 Cal. App. 4th at 1332; *Farmers*, 53 Cal. App. 4th at 457. The *Carpenters* court stated that "the remedy of a constructive trust does not require that the person currently holding the property committed any wrongful act in obtaining the property, only that the property at issue was wrongfully gained, even if by accident or mistake." 2018 U.S. Dist. LEXIS 190004, *6. For this, the court cited *In re Advent Mgmt. Corp.*, 104 F.3d 293, 295 (9th Cir. 1997), which is to the contrary. In *Advent*, the Ninth Circuit rejected a constructive trust argument because "the only money held in constructive trust is that which was *wrongfully* acquired or detained by Advent," the alleged constructive trustee, "whether through negligence, fraud, or other wrongful act." 104 F. 3d at 296.

The *Carpenters* court attempted, and BioCardia apparently now follows suit, to make something of the fact that section 2224 refers to "accident" and "mistake," in addition to "fraud," "undue influence," and "the violation of a trust," the implication being that "accident" and "mistake" are not necessarily "wrongful acts." But the California cases require a "wrongful act" by the defendant, and a more careful examination of section 2224 shows why.

Section 2224 allows the imposition of a constructive trust against "one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or *other wrongful act*." The statutory language shows, as the cases make clear, that a "wrongful act," of the enumerated type, or "other," is required. There is no difference in this regard between "fraud" and an "accident" or "mistake." An "accident" that does not involve a "wrongful" act does not justify the imposition of a constructive trust, and it is telling that BioCardia's citation of authority in the complaint is limited to a single unpublished district court decision.

It is difficult to imagine the type of "accident" or "mistake" that would not involve culpable behavior by the recipient of a res, but nonetheless be thought to justify an equitable remedy. Suppose a refund due Taxpayer A is sent to Taxpayer B by "mistake." Is there no "wrongful act" associated with B's retention of the money due another? B knows the refund belongs to someone else, and B's retention of money due another is "wrongful" in the sense required by section 2224.

But suppose any "accident" or "mistake" were sufficient to justify the imposition of a constructive trust on a bona fide purchaser or any other recipient of property claimed by another. How would that help BioCardia? BioCardia has not alleged an "accident" or "mistake." Even if it were proper to distort section 2224 so that "accident" and "mistake" are thought, unlike the other specific conduct with which they appear, not to require a "wrongful act," dismissal would be required here because BioCardia has not alleged that a res was "gained" by anything that could fall within a plausible interpretation of "accident" or "mistake." Even the mistaken *Carpenters* argument does not justify a conclusion that a constructive trust may be imposed in the absence of the "gain" of a res "by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act."

1    Nor does BioCardia allege anything comparable to what was alleged in the *Carpenters*

2    case. The *Carpenters* court said the remedy of a constructive trust was appropriate where the

3    terminated union representative obtained the union documents "as the result of the wrongful act

4    of another." The former shareholders received money from Boston Scientific Corporation in

5    exchange for their shares in nVision. BioCardia does not allege that Boston Scientific

6    Corporation did anything wrong when it paid value to the former nVision shareholders.

7    Section 2224 identifies the "acts" sufficient to support the imposition of a constructive

8    trust as (1) "fraud," (2) "accident," (3) "mistake," (4) "undue influence," (5) "the violation of a

9    trust," (6) or "*other* wrongful act." The involuntary trustee must gain a res by one of these acts,

10   but BioCardia does not allege that EXXclaim gained anything in the required manner.

11          **B.    The "Res" Has Not Been Sufficiently Identified.**

12   In order for a constructive trust to be imposed, there must be a specific and identifiable

13   res. Here, it is not clear what the res of the trust would be. This is fatal because the constructive

14   trust remedy is not available without the allegation of a relevant interest in specifically

15   identifiable property. *See In re Am. Principals Holdings, Inc.*, 1987 U.S. Dist. LEXIS 16945, *60-

16   61 (S.D. Cal. July 9, 1987) ("plaintiff must identify specific property to which he is entitled

17   which was wrongfully acquired by the defendant"); *Michaelian*, 50 Cal. App. 4th at 1114 (the res

18   in a constructive trust claim must be a "specific identifiable property"); *Ehret v. Ichioka*, 247 Cal.

19   App. 2d 637, 642 (1967) (holding "specifically identifiable property" must be pled).

20   The imposition of a constructive trust requires "money or property identified as belonging

21   in good conscience to the plaintiff [which can] clearly be traced to particular funds or property in

22   the defendant's possession." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150

23   (2003) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)). *See*

24   *also In re Advent Mgmt. Corp.*, 104 F.3d 293, 296 (9th Cir. 1997) ("Taylor makes no showing

25   that Advent paid Taylor with wrongfully diverted Coastal funds as opposed to funds that Advent

26   lawfully earned as compensation or commissions from Coastal."). A constructive trust is

27   available where the specific res can be identified and attached, "but not where the plaintiff seeks

28   to impose general personal liability as a remedy for the defendant's monetary obligations."

*Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir. 2003).

BioCardia's complaint asserts that nVision (which does not own the identified patent or patent applications) should be required to hold in trust certain patents and patent applications. ECF No. 22 at 25 (¶ 87), 27 (¶ 97), and 28 (¶ 108). BioCardia next requests, in the same pleading, that the "Shareholder Defendants" hold in trust "the amount of their unjust enrichment based on how much Boston Scientific Corporation paid them for their nVision shares resulting from Ms. Sarna's and nVision's wrongful conduct as herein alleged." ECF No. 22 at 25 (¶ 88), 27 (¶ 98), and 28 (¶ 109). How much is alleged to "result[] from Ms. Sarna's and nVision's wrongful conduct as herein alleged?" BioCardia does not say, and there is nothing in the complaint suggesting that BioCardia has alleged, or could allege, that "the amount of their unjust enrichment" has been or can be reduced to "specifically identifiable property." There is no allegation that an objectively identifiable amount was separately, or even knowingly or intentionally, paid for anything that could be "traced" to property owned by BioCardia. Nothing more specific is alleged about the purported res held by the former shareholder group collectively, or by EXXclaim individually. And there is no attempt to trace backward from the legitimately received payment of cash for shares to something that might be said in some sense to have belonged at some point to BioCardia, be it the identified patent and patent applications, or anything else.

If the res is a patent or patent application, EXXclaim and the former shareholders never owned the res, and there is no suggestion they did.[1] To the extent that the res is an "amount of unjust enrichment," *i.e.*, the damages BioCardia seeks, a constructive trust is inappropriate.

---

[1] It is settled law that shareholders "own neither the property nor the earnings of the corporation" and "own only stock." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (1999). Because shareholders do not own the assets of a corporation, they cannot be said to own nVision's assets. *See Pacific Lumber Co. v. Superior Court*, 226 Cal. App. 3d 371 (1990); *Gorham v. Gilson*, 28 Cal. 18 479, 483-84 (1865). "[O]ne cannot be held to be a constructive trustee of something he had not acquired." *Zumbrun v. USC*, 25 Cal. App. 3d 1, 14-15 (1972).

Constructive trusts are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their purpose is to prevent the transfer or loss of identifiable property that is the subject of dispute in the action that provides the basis for the constructive trust. "Where the property sought to be recovered, or its proceeds, have been dissipated so that no product remains, the plaintiff cannot enforce a constructive trust and the plaintiff's claim is that of a general creditor. To obtain a constructive trust, 'the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.'" *Flores v. Emerich & Fike*, 2008 U.S. Dist. LEXIS 49385, *117-118, 2008 WL 2489900 (E.D. Cal. June 17, 2008) (dismissing request for a constructive trust) (citing *Great-West Life & Annuity Ins. Co.*, 534 U.S at 213-14). The undetermined "amount of unjust enrichment" mentioned by BioCardia would not "restore" anything. Whatever might provide the basis for BioCardia's unjustified attempt to involve the former shareholders in this case has been "dissipated." Putting aside the fact that the former shareholders are not alleged to have contributed to the "dissipation" in any actionable manner, they have nothing that BioCardia ever had.

Just like the plaintiffs in *Flores v. Emerich & Fike*, BioCardia is seeking money BioCardia never had, but contends it was deprived of by some other party's unlawful actions. "Such an allegation may, if based on cognizable causes of action, allow for monetary damages, [but the allegation] does not provide for a constructive trust over particular funds in Defendants' current possession." *Id* at *118.

BioCardia does not propose any specific amount that would form the body of the trust against EXXclaim or the former shareholders as a group, only an unspecified amount connected in an unspecified manner to the "amount" a non-party paid for shares "resulting from" the alleged wrongdoing of others. If the former shareholders wanted to know whether they are free to spend all or a particular amount of the proceeds of the sale of their shares, how would they know? BioCardia thus fails to identify a res or property that could form the body of a constructive trust. *See Tushinsky v. Arnold*, 195 Cal. App. 3d 666, 671 (1987) (affirming dismissal of count entitled "Breach of Confidence and Trust and for the Establishment of a Constructive Trust," where the

1  trial court held: 'This does not make sense -- constructive trust of what? No cause of action is

2  stated nor can there be.'"); *Viasphere Int'l v. Vardanyan,* 2015 U.S. Dist. LEXIS 13434, *7-8,

3  2015 WL 493833 (N.D. Cal. Feb. 4, 2015).

**C.    The Former Shareholders Hold Nothing "Owned" By BioCardia.**

5          Even if BioCardia had pointed to specifically identifiable property, it would not be

6  entitled to a constructive trust because it cannot establish a pre-existing right to a res. If the res is

7  supposed to be the "amount paid" by Boston Scientific Corporation to the former nVision

8  shareholders "resulting from" the alleged wrongdoing of others, BioCardia cannot establish that it

9  had a right to that "res."

10          BioCardia identifies EXXclaim as a former owner of nVision shares. BioCardia alleges

11  that Boston Scientific Corporation acquired EXXclaim's shares in nVision in connection with an

12  April 13, 2018 merger transaction. *See* ECF No. 22 at 2 (¶ 2) and 6 (¶ 16). BioCardia alleges that

13  EXXclaim sold its nVision shares to Boston Scientific Corporation for an unidentified "initial

14  consideration," 90% of which was "paid in cash," 10% of which was "held in escrow," and

15  "additional consideration for which shares *[sic]* is subject to an earnout based on nVision's

16  performance." ECF No. 22 at 6, ¶ 16.

17          BioCardia does not allege that EXXclaim, or any other Shareholder Defendant, ever

18  wrongfully acquired any relevant patent or patent application. BioCardia makes no effort to trace

19  the "amount of [the Shareholder Defendants'] unjust enrichment," ECF No. 22 at 25 (¶ 88), 27 (¶

20  98), and 28 (¶ 109), or the "amount Boston Scientific Corporation paid [the Shareholder

21  Defendants] for their nVision shares," ECF No. 23 at ¶ 72, to any intellectual property claimed to

22  be owned by BioCardia. BioCardia does not allege that it is the rightful owner of any shares in

23  nVision Medical Corporation, nor does BioCardia allege that it has the right to the shares

24  EXXclaim sold to Boston Scientific Corporation.

25          While a plaintiff may be entitled to a constructive trust over an item that it claims to own,

26  there are no allegations of ownership surrounding the "amounts paid." The nVision shares bought

27  and eventually sold by EXXclaim were never the property of BioCardia. BioCardia does not

28  allege that the shareholders took shares of nVision, or any other property, directly from

BioCardia. *See, e.g., Internet Direct Response, Inc. v. Buckley*, 2011 U.S. Dist. LEXIS 28344, *25-26, 2011 WL 835607 (C.D. Cal. March 7, 2011) ("Plaintiff's request for a constructive trust fails for the fundamental reason that it has not shown that it is the rightful owner of either the Superbalife website or any profits derived from Fred Buckley's use of the website."); *VFD Consulting, Inc. v. 21st Servs.*, 425 F. Supp. 2d 1037, 1055 (ND. Cal. March 15, 2006) ("Defendants are also correct that Plaintiff's constructive trust claim is similarly defective because Plaintiff has not shown that Defendants wrongfully possessed any property belonging to Plaintiff."); *Tronzo v. Biomet, Inc*., 156 F.3d 1154, 1161 (Fed. Cir. 1998) (finding constructive trust (under Florida law) unavailable in patent infringement action where the only transfer of "property" was transfer of information; lost profits could not properly be considered plaintiff's property as he never possessed profits or transferred them to defendant). Because the "amount paid" by Boston Scientific Corporation to EXXclaim was not money that was taken directly from BioCardia, or even money taken in exchange for property taken from BioCardia, there is no basis for a constructive trust.

The analysis by Chief Judge Hamilton in the recent case of *Abovegem, Inc. v. Organo Gold Mgmt.*, 2019 U.S. Dist. LEXIS 139303, *6-9, 2019 WL 3859012 (N.D. Cal. Aug. 16, 2019), is illustrative as to why BioCardia's allegations are insufficient to impose a constructive trust:

> Plaintiff must demonstrate "money or property identified as belonging in good conscience to the plaintiff which can clearly be traced to particular funds or property in the defendant's possession." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003). A constructive trust is available where the specific res or funds can be identified, "but not where the plaintiff seeks to impose general personal liability as a remedy for the defendant's monetary obligations." *Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir. 2003).
>
> With respect to its pending motion, plaintiff has not sufficiently demonstrated that it is likely to obtain this equitable remedy because it has not shown that it has a right to any particular property wrongfully held by OG Int'l. Plaintiff argues that the Hong Kong Defendants owe it money damages for their breach of a contract, and in turn plaintiff points to money and property it alleges a third party obtained from the Hong Kong Defendants in the course of their business dealings. But identifying a party that received funds from one who breached a contract is not sufficient to impose a constructive trust. In short, "the restitution it seeks must be equitable. It is not. . . . There is no indication that the funds are specific or

1

2

identifiable, or that [plaintiff] seeks anything other than monetary compensation on a breach of contract claim." *Id.*

3

BioCardia is in no better a position.

4

To support a constructive trust, the funds used by Boston Scientific Corporation to

5

purchase EXXclaim's shares would have to be directly traceable to a res considered BioCardia's

6

property, an impossible task under the allegations of BioCardia's pleadings. BioCardia has no

7

claim on the pre-merger assets of Boston Scientific Corporation and no right to payments

8

received by the former shareholders during business dealings with Boston Scientific Corporation.

9

As explained in *In re Am. Principals Holdings, Inc.*, 1987 U.S. Dist. LEXIS 16945, *52-53 (S.D.

10

Cal. July 9, 1987), "plaintiffs cannot allege that they had title, possession, or the right to

11

immediate possession of the funds invested. They also cannot allege that a specific, identifiable

12

sum was the subject of conversion while a distinct portion of the funds invested was not."

13

The former shareholders are not alleged to be wrongfully holding anything owned by

14

BioCardia. A constructive trust is therefore unavailable as a matter of law.

15

**V.     LEAVE TO AMEND SHOULD BE DENIED.**

16

In a misguided attempt to "up the ante," BioCardia has improperly attempted to impose

17

the burdens of litigation on the former nVision shareholders. This was not necessary when

18

BioCardia filed its initial counterclaim or its amended counterclaim in the lawsuit filed by Boston

19

Scientific Corporation and others (Related Case No. 3:19-05645-VC), and it was not necessary

20

when BioCardia belatedly filed a separate lawsuit against nVision to avoid the passage of the time

21

within which an amended counterclaim might have been filed in the related *Boston Scientific*

22

*Corporation* Case No. 3:19-05645-VC. If there were a basis for suing the former shareholders, it

23

should have occurred to BioCardia long ago, and there is no reason to believe that a new basis for

24

dragging the former shareholders into court will occur to BioCardia at this late date. *See*

25

concurrently filed Exhibit 1 (January 20, 2020 to February 5, 2020 emails).

26

While federal courts "should freely give leave [to amend] when justice so requires," Fed.

27

R. Civ. Proc. 15(a)(2), that does not confer upon BioCardia the right to burden the Court's docket

28

with repeated futile claims. *See DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992)

(leave to amend properly denied where amendment would be futile). A party generally "ought to be afforded an opportunity to test his claim on the merits," but that is only true "[i]n the absence of any apparent or declared reason – such as . . . futility of amendment" to the contrary. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Seven months after declining to sue the shareholders in its counterclaim (*see* Case No. 3:19-05645-VC, ECF No. 22), and nearly four months after the deadline for adding new parties to the *Boston Scientific Corporation* case passed (*id.*, ECF No. 45) the best BioCardia could come up with is an assertion that an admittedly innocent business transaction between the Shareholder Defendants and Boston Scientific Corporation provides an occasion for the imposition of a constructive trust in the absence of claimed wrongdoing and without a specifically identifiable res. Further amendment will not fix the broken link between BioCardia's alleged ownership of intellectual property and the consideration paid to the former shareholders for their nVision shares. There is no amendment that would save BioCardia's current claim, and no reason to believe that another claim against these innocent parties might emerge upon further review.

## VI.   THE IMPROPER CONSTRUCTIVE TRUST LANGUAGE SHOULD BE STRICKEN.

Because BioCardia's First Amended Complaint contains statements suggesting the inclusion of an improper remedy without a sufficient underlying claim, EXXclaim also requests to strike the references to constructive trusts against it under Rule 12(f) as being immaterial and impertinent. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

The following portions of BioCardia's First Amended Complaint (ECF No. 22) should be stricken:

(1)   Page 2:7 [~~EXXclaim Capital Partners I, LP~~]

(2)   Page 2:11-12 [~~and imposition of constructive trusts on the Shareholder Defendants' unjust enrichment~~]

(3)   Page 6:8-14 [¶ 16]

(4)   Page 23:19 to Page 24:1 [¶ 72]

(5)   Page 25:6 [~~Against All Defendants~~]

(6)   Page 25:24-27 [¶ 88]

(7)   Page 26:3-4 [~~Imposition of Constructive Trust Against All Defendants Based on Their Unjust Enrichment~~]

(8)   Page 27:9-12 [¶ 98]

(9)   Page 27:15 [~~Imposition of Constructive Trust Against All Defendants~~]

(10) Page 28:23-26 [¶ 109]

(11) Page 29:10-12 [¶ 6]

(12) Page 29:14 [~~or the Shareholder Defendants~~]

This request to strike is made in the alternative should a question arise as to the application of Rule 12(b)(6) when the basis is BioCardia alleged only a remedy, and not a claim.

For all the reasons outlined above, the portions EXXclaim seeks to be stricken "can have no possible bearing upon the subject matter of the litigation," *see Naton v. Bank of Cal.*, 72 F.R.D. 550, 552 n.4 (N.D. Cal. 1976), and their continued existence will only create clutter and muddy the issues. *See*, *e.g.*, *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Ganley v. County of San Mateo*, 2007 U.S. Dist. LEXIS 26467, *4, (N.D. Cal. Mar. 22, 2007). Striking the improperly named parties and the unavailable remedy from the First Amended Complaint forces clarity in order to streamline the litigation.

**VII.   CONCLUSION.**

For the foregoing reasons, EXXclaim respectfully requests that its motion to dismiss or, in the alternative, to strike be granted. There is no realistic prospect that BioCardia might successfully amend its complaint. The claims against EXXclaim should be dismissed with prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: June 5, 2020

ROBERT E. FREITAS
JESSICA N. LEAL
FREITAS & WEINBERG LLP


*/s/Jessica N. Leal*
Jessica N. Leal
Attorneys for Defendant
EXXclaim Capital Partners I, LP