ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
JESSICA N. LEAL (SBN 267232)
jleal@fawlaw.com
FREITAS & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Defendant
EXXclaim Capital Partners I, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOCARDIA, INC. | No.  3:20-cv-02829-VC |
| Plaintiff, | |
| v. | **EMERGENCY APPLICATION** *EX PARTE* **MOTION FOR STAY** |
| nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EMERGENCY APPLICATION**

***EX PARTE* MOTION TO STAY**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE THAT EXXclaim Capital Partners I, LP ("EXXclaim") submits this emergency application and *ex parte* motion for an immediate limited duration stay of these proceedings as to the nineteen new defendants sued by BioCardia, Inc. ("BioCardia") on May 22, 2020 until after EXXclaim's currently pending dispositive motion is heard and decided by this Court. *See* Dkt. No. 43 (EXXclaim's June 5, 2020 Motion to Dismiss or, in the Alternative, to Strike Portions of BioCardia's Amended Complaint, set for hearing July 16, 2020).

   For a multitude of reasons, proceeding in this case with the appearance of nineteen former shareholder defendants would be a wasteful exercise for the parties and for this Court. Rather, the most fair, economical, and prudent course is to stay the case as to these defendants immediately, but briefly, until after the resolution of EXXclaim's motion so that the parties and the Court may focus on the dispositive legal issues currently pending in a motion that is calendared to be heard in just a few weeks on July 16, 2020. As to the nineteen former shareholder defendants, the only proceeding to go forward at this time should be EXXclaim's pending motion.

   This request is pursuant to Judge Chhabria's General Standing Order and Local Rule 7-10 as there is insufficient time to seek the limited stay by noticed motion under the Federal Rule of Civil Procedure 12(a)(1)(A) deadline of June 16, 2020 calculated from multiple of the returned summons recently filed by BioCardia in this case.

   EXXclaim notified BioCardia's counsel, Ian Feinberg, of its intention to seek a stay and sought BioCardia's agreement to a stay several days in advance of seeking this emergency relief. *See* Declaration of Jessica N. Leal filed in support of *Ex Parte* Motion at ¶ 2 (Exhibit A). Mr. Feinberg advised that BioCardia would not agree to a stipulation providing for a limited or other appropriate stay. *Id*. at ¶ A.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

In a recent amendment to its lawsuit against nVision (ECF No. 22), BioCardia added

3

nineteen new defendants. Each of the nineteen new defendants is a former nVision shareholder,

4

and the allegations are common to all.

5

Because the allegations against the former shareholders are insufficient, one of these

6

shareholders, EXXclaim, appeared early and moved to dismiss the amended complaint on June 5,

7

2020. *See* ECF No. 43.

8

The theory on which the nineteen former shareholders are sued, and the allegations

9

supporting the theory, are identical. The Court's ruling on EXXclaim's currently pending motion

10

can be expected to control whether any of the nineteen former shareholders can be brought into

11

this case. The stay that is requested would provide a basis for the orderly resolution of

12

BioCardia's claims against the nineteen former shareholders without the complications arising

13

from coordinating and scheduling the appearances and arguments, including jurisdictional fights,

14

of nineteen different defendant entities at this time.

15

EXXclaim's motion presents a straightforward legal argument. The court will be able to

16

determine whether BioCardia's claims against the nineteen former shareholders are viable on the

17

basis of the argument presented by EXXclaim. A stay will eliminate the need for unnecessary

18

additional motions or joinders and will produce significant time and cost savings.

19

The Court has broad discretion to enter the requested stay.[1] *See Clinton v. Jones*, 520 U.S.

20

681, 706 (1997); *Landis v. North Am. Co.*, 299 U.S. 248 (1936)); *Kansas City S. Ry. Co. v. United*

21

---

22

[1] When considering whether to stay proceedings, courts consider (1) the possible damage that
may result from granting a stay; (2) the hardship or inequity that a party may suffer if required to

23

go forward; and (3) the orderly course of justice, measured in terms of whether issues, proof, and
questions of law would likely be simplified or complicated. *Lockyer v. Mirant Corp.*, 398 F.3d

24

1098, 1110 (9th Cir. 2005). *See, e.g.*, *Vivid Techs., Inc. v. Am. Scl. & Eng'g, Inc.*, 200 F.3d 795,
804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery

25

concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus

26

Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, *6, 2006 WL 894955 (D. Colo. March 20, 2006)
(finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of

27

personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance
Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a

28

1    *States*, 282 U.S. 760, 763 (1931)); *see also* Fed. R. Civ. P. 1. (promotion of the "just, speedy, and

2    inexpensive determination of every action"). An immediate stay until the resolution of

3    EXXclaim's motion is a fair and practical path forward that will not prejudice BioCardia, will

4    prevent hardships that will be suffered if all nineteen defendants are required to litigate now, and

5    will promote judicial economy.

6         If a stay is not granted, the former shareholders will have to determine whether to hire

7    separate counsel, and, one way or the other, additional legal fees will be incurred. Some of the

8    remaining eighteen former shareholders will be filing motions to dismiss for lack of personal

9    jurisdiction. That work may be avoided as well. Nothing is to be gained by requiring the former

10   shareholders, many of which are out-of-state, to expend money and resources that will be avoided

11   if EXXclaim's motion is granted.

12        BioCardia has known the names and identities of each of the former shareholder

13   defendants since at least September 2019, but it did not sue them until May 22, 2020. *See* Related

14   Case No. 3:20-02829-VC at Dkt. No. 4. A short stay pending resolution of EXXclaim's motion

15   would not prejudice BioCardia. *See Gallion v. Chart Commc'ns Inc.*, 287 F. Supp. 3d 920, 932

16   (C.D Cal. 2018) (holding that a brief stay does not prejudice a plaintiff). A scheduling order has

17   not been issued.

18        The most fair, economical, and prudent course is to stay the case immediately, but briefly,

19   until after the resolution of EXXclaim's motion that is set for July 16, 2020 so that the parties and

20   the Court may focus on the dispositive legal issue. Exclaim therefore requests this Court enter an

21   Order staying this litigation as to the nineteen former shareholder defendants on all issues except

22   the proceedings of EXXclaim's pending motion (filed at ECF No. 43) until a time after the

23   motion's resolution.

24

25

26   dispositive motion is an eminently logical means to prevent wasting the time and effort of all
     concerned, and to make the most efficient use of judicial resources."); *Nankivil v. Lockheed*

27   *Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of
     a preliminary motion may dispose of the entire action.").

28

EX PARTE MOTION TO STAY
                                                                     No. 3:20-cv-02829-VC

1    Dated:  June 10, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT E. FREITAS
JESSICA N. LEAL
FREITAS & WEINBERG LLP


*/s/Jessica N. Leal*
Jessica N. Leal
Attorney for Defendant
EXXclaim Capital Partners I, LP