IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
NICHOLAS MARTINI (SBN 237687)
nmartini@feinday.com
**FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650.825.4300/Fax: 650 460-8443

*Attorneys for Plaintiff* BioCardia, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOCARDIA, INC.<br><br>Plaintiff.<br><br>v.<br><br>nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC,<br><br>Defendants. | CASE NO.  3:20-02829-VC<br><br>**BIOCARDIA, INC.'S ANSWER TO NVISION MEDICAL CORPORATION'S COUNTERCLAIMS** |

Plaintiff BioCardia, Inc. ("BioCardia"), by and through its counsel, hereby submits this Answer to nVision Medical Corporation's Counterclaims as follows:

## NATURE OF ACTION

1. BioCardia admits the allegations of paragraph 1.

2. BioCardia denies the allegations of paragraph 2.

3. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of the first sentence of paragraph 3, but alleges that at most Boston Scientific Scimed is the legal owner of the '571 Family and the '120 Provisional Family as BioCardia is the equitable owner of both Families. BioCardia denies the allegations of the second sentence of paragraph 3 and alleges that while BioCardia's business, research, and development are *primarily* directed to cardiovascular disease, specifically therapeutic candidates and biotherapeutic delivery systems for cardiovascular disease, they also have women's health applications as demonstrated by, among other things, BioCardia's patents and patent applications. In response to the third and fourth sentences of paragraph 3, BioCardia alleges that its filings with the SEC speak for themselves. BioCardia denies the allegations of the fifth sentence of paragraph 3 and alleges that while the inventions of the '571 Family and the '120 Provisional Family are *primarily* directed to women's health, they also have cardiovascular applications as demonstrated by, among other things, the patents and applications in the '571 Family and the '120 Provisional Family.

4. BioCardia denies the allegations of paragraph 4.

5. BioCardia denies the allegations of paragraph 5.

6. BioCardia denies the allegations of the first sentence of paragraph 6. BioCardia admits that Andrew MacKenzie heard Ms. Sarna speak about nVision in June 2013 and sent the email as quoted. BioCardia admits that it first raised the issues in dispute in a letter dated April 9, 2019 and that it did not file a complaint against nVision until April 30, 2020. BioCardia alleges that it asserted substantially the same claims as those it asserts against nVision on October 31, 2019 by counterclaim in the case filed by Boston Scientific Corporation, a Delaware

Corporation, Boston Scientific Scimed, Inc., a Minnesota Corporation, and Fortis Advisors LLC, as Securityholder Representative for the Former Securityholders of n Vision Medical Corporation, a Delaware Corporation.  Except as thus admitted and alleged, BioCardia denies the allegations of paragraph 6.

## PARTIES

7. BioCardia admits the allegations of paragraph 7.

8. BioCardia denies the allegations of paragraph 8.

## JURISDICTION AND VENUE

9. BioCardia admits that a portion of this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, the patent laws of the United States, 35 U.S.C. §§ 101, et seq., and the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, et seq.  This action also arises out of the California Uniform Trade Secrets Act, California Civil Code §§ 3426, et seq. and California state law relating to the imposition of a constructive trust based on unjust enrichment.

10. BioCardia neither admits nor denies the allegations of paragraph 10 as they state a legal conclusion.

11. BioCardia admits that its principal place of business is in this District and alleges that the activities by all parties giving rise to this action occurred in this District.  Except as thus expressly admitted and alleged, BioCardia neither admits nor denies the allegations of paragraph 11 as they state a legal conclusion.

12. BioCardia neither admits nor denies the allegations of paragraph 12 as they state a legal conclusion.

13. BioCardia lacks sufficient information to either admit or deny the allegations of paragraph 13 and on that basis denies the allegations of paragraph 13.

## FACTUAL BACKGROUND

**nVision**

14. BioCardia admits that Ms. Sarna began working at BioCardia in 2008. Except as thus expressly admitted, BioCardia lacks sufficient information to either admit or deny the allegations of paragraph 14 and on that basis denies the allegations of paragraph 14.

15. BioCardia admits the allegations of the first two sentences of paragraph 15. Except as thus expressly alleged, BioCardia denies the allegations of paragraph 15.

16. BioCardia denies the allegations of paragraph 16.

17. BioCardia denies the allegations of paragraph 17.

18. BioCardia denies the allegations of the second and last sentences of paragraph 18. Except as thus expressly denied, BioCardia admits the allegations of paragraph 18.

19. BioCardia denies the allegations of the last sentence of paragraph 19. Except as thus expressly denied, BioCardia admits the allegations of paragraph 19.

20. BioCardia denies the allegations of paragraph 20.

21. BioCardia admits that Ms. Sarna left BioCardia on January 4, 2012. Except as thus expressly admitted, BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 21 and on that basis denies them.

22. BioCardia admits that Andrew MacKenzie sent Ms. Sarna an email as quoted in the final sentence of paragraph 22. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 22.

23. BioCardia denies the allegations of paragraph 23.

24. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 24 and on that basis denies them.

25. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 25 and on that basis denies them.

26. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 26 and on that basis denies them.

27. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 27 and on that basis denies them.

28. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 28 and on that basis denies them.

29. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 29 and on that basis denies them.

30. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 30 and on that basis denies them.

**The Dispute**

31. BioCardia admits that Andrew MacKenzie sent Ms. Sarna an email as quoted in the final sentence of paragraph 31. BioCardia alleges that prior to 2019 it neither knew nor had any reason to know of Ms. Sarna's wrongful acts and thus had no reason to raise any issue with nVision's business or patents or otherwise to suggest that any of nVision's patents or patent applications were based on technology belonging to BioCardia. Except as thus expressly admitted and alleged, BioCardia denies the allegations of paragraph 31.

32. BioCardia admits the allegations of paragraph 32.

33. BioCardia denies the allegations of paragraph 32.

## COUNT I

### (DECLARATORY JUDGMENT OF NO UNJUST ENRICHMENT)

34. BioCardia incorporates its response to all preceding paragraphs.

35. BioCardia alleges that its allegations speak for themselves. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 35.

36. BioCardia denies the allegations of paragraph 36.

37. BioCardia admits that Andrew MacKenzie sent Ms. Sarna an email as quoted in the final sentence of paragraph 37. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 37.

38. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 38 and on that basis denies them. BioCardia further neither admits nor denies the allegations of paragraph 38 because they state a legal conclusion.

39. BioCardia alleges that it lacks sufficient information or belief to answer the allegations of paragraph 39 and on that basis denies them. BioCardia further neither admits nor denies the allegations of paragraph 39 because they state a legal conclusion.

40. BioCardia neither admits nor denies the allegations of paragraph 40 because they state a legal conclusion.

41. BioCardia denies the allegations of paragraph 41.

## COUNT II

### (DECLARATORY JUDGMENT OF NO TRADE SECRET MISAPPROPRIATION BY NVISION UNDER CUTSA)

42. BioCardia incorporates its response to all preceding paragraphs.

43. BioCardia alleges that its allegations speak for themselves. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 43.

44. BioCardia alleges that its allegations speak for themselves. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 44.

45. BioCardia denies the allegations of paragraph 45.

46. BioCardia admits that Andrew MacKenzie sent Ms. Sarna an email as quoted in the fourth sentence of paragraph 46. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 46.

47. BioCardia neither admits nor denies the allegations of paragraph 47 because they state a legal conclusion.

48. BioCardia denies the allegations of paragraph 48.

## COUNT III

### (DECLARATORY JUDGMENT OF NO TRADE SECRET MISAPPROPRIATION BY NVISION UNDER FEDERAL LAW)

49. BioCardia incorporates its response to all preceding paragraphs.

50. BioCardia neither admits nor denies the allegations of paragraph 50 because they state a legal conclusion.

-5-
BIOCARDIA'S ANSWER TO NVISION'S COUNTERCLAIMS - 3:20-CV-02829-VC

51. BioCardia alleges that its allegations speak for themselves. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 51.

52. BioCardia alleges that its allegations speak for themselves. Except as thus expressly admitted, BioCardia denies the allegations of paragraph 52.

53. BioCardia denies the allegations of paragraph 53.

54. BioCardia admits the allegations of the first two sentences of paragraph 54. Except as thus expressly admits, BioCardia denies the allegations of paragraph 54.

55. BioCardia denies the allegations of paragraph 54.

56. BioCardia neither admits nor denies the allegations of paragraph 56 because they state a legal conclusion.

57. BioCardia denies the allegations of paragraph 57.

## PRAYER FOR RELIEF

1. That nVision take nothing by reason of its counterclaims;

2. For costs of suit; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 13, 2020         By  */s/ Ian N. Feinberg*
                             Ian N. Feinberg

                             FEINBERG DAY KRAMER ALBERTI LIM
                             TONKOVICH & BELLOLI LLP

                             Attorneys for Plaintiff BioCardia, Inc.