David J.F. Gross (SBN 290951)
david.gross@faegredrinker.com
Nick P. Chan (SBN 286925)
nick.chan@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Ave., Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Facsimile: (650) 324-6701

[*Additional counsel listed on signature page*]

**Attorneys for Defendant**
**nVision Medical Corporation**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOCARDIA, INC., | Case No. 3:20-cv-02829-VC |
| Plaintiff, | (Related Case No. 3:19-CV-05645-VC) |
| v. | **DEFENDANT NVISION MEDICAL CORPORATION'S MOTION TO DISMISS** |
| nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, | District Judge: Hon. Vince Chhabria<br><br>Hearing: December 3, 2020 (10:00 AM PT)<br><br>JURY TRIAL REQUESTED |
| Defendants. | |

# **TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................. 1

   I.   The Original Case ("BioCardia I") Did Not Include nVision As A Party. .......................... 1

   II.   BioCardia Filed This Case ("BioCardia II") To Assert Untimely Claims Against
nVision .......................................................................................................................... 2

LEGAL STANDARD ......................................................................................................... 3

ARGUMENT ....................................................................................................................... 3

   I.   BioCardia's Filing Of This Duplicative Action Is Quintessential Claim Splitting. ............ 3

      A.  As BioCardia Concedes, "the Two Cases Arise Out of Exactly the Same Facts." .......... 5

      B.  nVision is in Privity With Multiple Counterdefendants in the Original Case. ............... 6

         1.  As a wholly-owned subsidiary of Boston Scientific, nVision is in privity with Boston
Scientific for purposes of claim splitting. ............................................................. 7

         2.  nVision is also in privity with Sarna. .......................................................... 7

   II.   BioCardia's Attempts To Avoid Application Of The Claim Splitting Doctrine Are
Meritless. ........................................................................................................................ 8

      A.  nVision Did Not Acquiesce to Claim Splitting. ............................................................ 8

      B.  nVision Has Not Waived Its Claim Splitting Argument. ............................................... 10

      C.  *Adams* Makes Clear That Dismissal with Prejudice Is the Proper Remedy ................... 11

   III.   In The Alternative, To The Extent Any Of BioCardia's Claims Against nVision Are Not
Dismissed For Claim Splitting, They Should Be Stricken And/Or Dismissed For Failure To
State A Claim. ................................................................................................................ 14

CONCLUSION .................................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. California Dep't of Health Servs.*,
    487 F.3d 684 (9th Cir. 2007), *overruled in part on other grounds by Taylor v.*
    *Sturgell*, 553 U.S. 880 (2008) .............................................................4, 5, 9, 11, 12, 13, 14, 15

*Adobe Sys. Inc. v. NA Tech Direct Inc.*,
    2019 WL 5579472 (N.D. Cal. Oct. 29, 2019) ..........................................................................11

*Alcarmen v. J.P. Morgan Chase Bank*,
    2014 WL 3368647 (N.D. Cal. July 8, 2014) ............................................................................11

*Anguiano-Tamayo v. Wal-Mart Assocs., Inc.*,
    2019 WL 359417 (N.D. Cal. Jan. 29, 2019) ..........................................................................4, 5

*Atchison, Topeka, & Santa Fe Ry. Co. v. Hercules, Inc.*,
    146 F.3d 1071 (9th Cir. 1998) ............................................................................................12, 13

*Bassam v. Bank of Am.*,
    2015 WL 12697873 (C.D. Cal. Nov. 3, 2015) ........................................................................14

*Bennett-Bagorio v. City & Cty. of Honolulu*,
    2014 WL 296860, at *6 (D. Haw. Jan. 28, 2014) ...................................................................13

*Camarillo v. McCarthy*,
    998 F.2d 638 (9th Cir. 1993) ...................................................................................................11

*Efficient Frontiers, Inc. v. Marchese*,
    2016 WL 7117243 (C.D. Cal. Dec. 6, 2016) ............................................................................6

*Gay v. Parsons*,
    2019 WL 3387954 (N.D. Cal. July 26, 2019), *aff'd*, 810 F. App'x 552 (9th
    Cir. 2020) ..................................................................................................................................11

*Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare &*
    *Training Tr. Funds v. Karr*,
    994 F.2d 1429-30 (9th Cir. 1993) .............................................................................................5

*Irwin v. Mascott*,
    94 F. Supp. 2d 1052 (N.D. Cal. 2000) ....................................................................................13

*Jackson v. Hayakawa*,
605 F.2d 1121 (9th Cir. 1979) .................................................................................5

*Jones v. Wells Fargo Bank, NA*,
587 F. App'x 410 (9th Cir. 2014) ............................................................................3

*Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*,
933 F.2d 724 (9th Cir. 1991) .................................................................................7

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .................................................................................3

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*,
2016 WL 3197390 (E.D. Cal. June 8, 2016) ..........................................................4

*Media Rights Techs., Inc. v. Microsoft Corp.*,
922 F.3d 1014 (9th Cir. 2019) ............................................................................3, 9

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
2019 WL 4963253 (N.D. Cal. Oct. 8, 2019)...........................................................4, 7

*Montgomery v. Etreppid Techs., LLC*,
2010 WL 1416771 (D. Nev. Apr. 5, 2010)..............................................................13

*Mpoyo v. Litton Electro-Optical Sys.*,
430 F.3d 985 (9th Cir. 2005) .................................................................................5

*Murphy v. Wells Fargo Home Mortg.*,
2013 WL 4482671 (N.D. Cal. Aug. 19, 2013) .....................................................9, 10

*Neitzke v. Williams*,
490 U.S. 319 (1989).............................................................................................3

*In re PersonalWeb Techs., LLC, et al. Patent Litig.*,
2019 WL 1455332 (N.D. Cal. Apr. 2, 2019) ...........................................................6

*Pollok v. Vanguard Fiduciary Tr. Co.*,
803 F. App'x 67 (9th Cir. 2020) .............................................................................3

*RA Med. Sys., Inc. v. PhotoMedex, Inc.*,
373 F. App'x 784 (9th Cir. 2010)......................................................................8, 9, 10

*Raiser v. City of Los Angeles*,
2014 WL 794786 (C.D. Cal. Feb. 26, 2014).........................................................14

*Ramirez v. Adventist Med. Ctr.*,
2017 WL 4798996 (D. Or. Oct. 24, 2017) ................................................................8

*Rivera v. Am. Fed'n of State, Cty., & Mun. Employees*,
2017 WL 3021038 (N.D. Cal. July 17, 2017) ...........................................................4

*Rivera v. Anaya*,
726 F.2d 564 (9th Cir. 1984) ...................................................................................11

*Seismic Reservoir 2020, Inc. v. Paulsson*,
785 F.3d 330 (9th Cir. 2015) .....................................................................................3

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
495 F. Supp. 2d 1052 (S.D. Cal. 2007) .....................................................................4

*Tuitama v. Nationstar Mortg. LLC*,
2015 WL 12744269 (C.D. Cal. Apr. 13, 2015), *aff'd*, 678 F. App'x 538 (9th
Cir. 2017) ................................................................................................................7, 8

*Vanover v. NCO Fin. Servs., Inc.*,
857 F.3d 833 (11th Cir. 2017) ...................................................................................4

*Wang v. Golf Tailor, LLC*,
17-CV-00898-LB, 2017 WL 2861111 (N.D. Cal. July 5, 2017) .............................15

NVISION'S MOTION TO DISMISS
No. 3:20-CV-02829-VC

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, December 3, 2020 at 10:00 a.m. (PT), before the Honorable Vince Chhabria in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant nVision Medical Corporation ("nVision") will, by this motion and supporting memorandum of points and authorities, move to dismiss pursuant to Rule 12(b)(6) all claims against nVision in this action ("*BioCardia II*") as violating the doctrine against claim splitting.  To the extent any claims survive claim splitting, nVision also moves to strike the Second Amended Complaint ("SAC," Dkt. 75) pursuant to Rule 12(f) and to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

There are also a number of other pending motions in this case and in the related case, *Boston Scientific Corp. et al. v. BioCardia, Inc.*, 3:19-CV-05645-VC ("*BioCardia I*").  For convenience, Exhibit 1 to this motion provides an overview of all the contemporaneously-filed motions in *BioCardia I* and *BioCardia II* and their relationship to one another, to the extent applicable.

## MEMORANDUM OF POINTS AND AUTHORITIES

As the Court previously summarized at the July 23, 2020 hearing, BioCardia's second lawsuit against nVision represents "***quintessential claim splitting***."[1]  (Ex. 2, July 23, 2020 Hearing Tr. at 24:19-20; *see also id.* at 19:8-11.)  BioCardia's SAC does nothing to affect this assessment, and nVision therefore files this motion to dismiss based on claim splitting.[2]

## FACTUAL BACKGROUND

### I.    The Original Case ("BioCardia I") Did Not Include nVision As A Party.

On August 6, 2019, BioCardia filed a request for arbitration against Sarna with the AAA seeking a declaration of ownership of certain patents and unjust enrichment.  (3:19-cv-05645-VC, Dkt. 112, ¶ 2.)  On September 6, 2019, Boston Scientific Corporation, Boston Scientific Scimed Inc. (collectively "Boston Scientific") and Fortis Advisors LLC ("Fortis") filed a declaratory-judgment action ("*BioCardia I*"), seeking declarations of correct inventorship and ownership, no misappropriation of trade secrets, and no unjust enrichment as a result of Boston Scientific's acquisition of nVision.  (3:19-cv-05645-VC, Dkt. 1.)  The parties "subsequently agreed that they would resolve all of their disputes in [*BioCardia I*]," such that "BioCardia would withdraw the Arbitration Request" and "BioCardia would assert[] its claims against Counterdefendants in [*BioCardia I*]."  (3:19-cv-05645-VC, Dkt. 112, ¶ 6.)

In the Joint Case Management Statement, the parties then jointly informed the Court that:

BioCardia plans to amend its First Amended Answer and Counterclaims by December 11, 2019.  The counterdefendants anticipate responding to BioCardia's

---

[1] Emphases are added unless stated and "Ex.__" cites are exhibits to the Grimsrud Declaration.
[2] In the event the Court does not dismiss this action against nVision based on claim splitting, nVision joins EXXclaim's motion to strike the SAC pursuant to Rule 16(f) for exceeding the scope of leave to amend.  nVision also asks that BioCardia's claims against it be dismissed for failure to state a claim for the same reasons articulated in the contemporaneously filed motions to dismiss in *BioCardia I*, including because (1) BioCardia's inventorship claim fails to state a claim on the merits, (2) BioCardia failed to establish its ownership of the alleged inventions, trade secrets, and contract at issue, and (3) BioCardia's pleading forecloses the existence of BioCardia trade secrets.

First Amended Answer and Counterclaims by January 8, 2020, a date agreed upon
by the parties.  Outside of these pleadings, no other parties, claims, or defenses
are expected to be added or dismissed.

(3:19-cv-05645-VC, Dkt. 35 at 7.)  The parties proposed February 10, 2020 as the deadline to

amend, which the Court's Scheduling Order adopted.  (3:19-cv-05645-VC, Dkt. 45 at 2.)

As BioCardia admits, BioCardia knew or should have known before this deadline to

amend that nVision had not merged into Boston Scientific but remained a separate entity.  (Ex. 2,

July 23, 2020 Hearing Tr. at 28:14-18 (BioCardia's counsel: "Should I have realized earlier that .

. . nVision [] remained a separate company, a wholly-owned sub rather than division, *yes, I

should have realized it sooner*.").)  Indeed, Counterdefendants informed BioCardia of this

multiple times before February 10, including: (a) in the declaratory-judgment complaint, (3:19-

CV-05645-VC, Dkt. 1 ¶¶ 11, 12, 118, 151); (b) during a December 6, 2019 meet-and-confer; (c)

in Boston Scientific's Answer to BioCardia's counterclaims, (3:19-cv-05645-VC, Dkt. 46, ¶ 53);

and, (d) in Sarna's motion to strike certain references to nVision from BioCardia's

counterclaims, (3:19-cv-05645-VC, Dkt. 48).  The motion to strike made clear that nVision

remained "an active California corporation" and that "[i]f BioCardia believes nVision . . . is a

necessary party, it would have named it, served it and made it a party to these proceedings."  (*Id.*

at 2-4.)  BioCardia responded with a statement of non-opposition—thus making the deliberate

choice not to include nVision in *BioCardia I*.  (3:19-cv-05645-VC, Dkt. 56.)

## II.     BioCardia Filed This Case ("BioCardia II") To Assert Untimely Claims Against nVision.

BioCardia later changed its mind regarding naming nVision as a party, but by then it was

too late.  Having blown the February 10, 2020 deadline to add nVision to *BioCardia I*, BioCardia

sought to skirt that deadline by filing this separate action against nVision on April 23, 2020

("*BioCardia II*").  BioCardia then amended its complaint in BioCardia II on May 22, 2020,

adding nineteen former nVision shareholders as still more parties, and then moved to

"consolidate" *BioCardia I* and *II*.  Under the guise of "consolidation," BioCardia in effect sought

to add parties (nVision and former nVision shareholders) to *BioCardia I* that it could no longer otherwise add.  (*See* Ex. 2, July 23, 2020 Hearing Tr. at 34:16-18 (The Court: "They've admitted that the reason that they have filed the second lawsuit against nVision is that they blew the deadline in the first lawsuit.").)  The claim splitting doctrine does not allow BioCardia to do this.

## LEGAL STANDARD

"'Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'"  *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).  When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint whose authenticity is not contested, and matters on which the Court takes judicial notice.  *Jones v. Wells Fargo Bank, NA*, 587 F. App'x 410, 410-11 (9th Cir. 2014) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)).

## ARGUMENT

I.      **BioCardia's Filing Of This Duplicative Action Is Quintessential Claim Splitting.**

Federal—not state—claim splitting/preclusion law governs this motion because *BioCardia I* was brought in federal court under federal-question jurisdiction.  The claim preclusive effect of a judgment rendered by a federal court exercising federal-question jurisdiction is governed by federal preclusion law.  *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 n.6 (9th Cir. 2019) ("Because the decision to be given preclusive effect was rendered by a federal court exercising federal-question jurisdiction, federal common law determines whether preclusion applies."); *cf. Pollok v. Vanguard Fiduciary Tr. Co.*, 803 F. App'x 67, 68 (9th Cir. 2020) ("The district court erred in applying federal preclusion law in its claim-splitting analysis because federal courts apply state preclusion law in analyzing the preclusive effect of a prior federal diversity judgment.").

3

"The doctrine of claim-splitting bars a party from bringing claims arising from the same set of facts in successive actions, rather than bringing them all at once." *Rivera v. Am. Fed'n of State, Cty., & Mun. Employees*, 2017 WL 3021038, at *3 (N.D. Cal. July 17, 2017); *see also Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) ("[I]t is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'"). The test for claim splitting "'borrow[s] from the test for claim preclusion[,]' but rather than requiring that the first suit have a final determination on the merits, it 'assum[es] that the first suit were already final.'" *Rivera*, 2017 WL 3021038, at *3 (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)[3]). "[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Adams*, 487 F.3d at 689. "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*

A court may dismiss, with prejudice, a second-filed action that violates the rule against claim splitting. *Id.* at 692 ("[T]he district court did not abuse its discretion in electing to dismiss the second action with prejudice."); *Rivera*, 2017 WL 3021038 at *3 ("If a court determines that a party has impermissibly split her claims, it may exercise its discretion to 'dismiss the duplicative later-filed action . . .'"). Courts in the Ninth Circuit have applied the claim splitting doctrine to dismiss second-filed actions in a variety of contexts, including second-filed actions brought against parties in privity with those in a first-filed declaratory-judgment action. *Single*

---

[3] *Adams* was overruled to the extent it relied on a doctrine of "virtual representation," which is not at issue here. "[T]he *Adams* court's discussion of impermissible claim-splitting remains precedential." *Rivera*, 2017 WL 3021038, at *3 n.2 (quoting *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 2016 WL 3197390, at *2 (E.D. Cal. June 8, 2016)); *see also MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 4963253, at *4 (N.D. Cal. Oct. 8, 2019); *Anguiano-Tamayo v. Wal-Mart Assocs., Inc.*, 2019 WL 359417, at *5 (N.D. Cal. Jan. 29, 2019).

*Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007); *see also Jackson v. Hayakawa*, 605 F.2d 1121, 1125 (9th Cir. 1979) (claim preclusion barred second-filed action involving same issues, parties and their privies, as first-filed declaratory-judgment action).

Applied here, *BioCardia II* is entirely duplicative of *BioCardia I*. This action is wasteful, improper, and should never have been filed. The Court should apply the claim splitting doctrine and dismiss this duplicative lawsuit with prejudice. *Adams*, 487 F.3d at 692 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'").

**A.     As BioCardia Concedes, "the Two Cases Arise Out of Exactly the Same Facts."**

"To ascertain whether successive causes of action are the same, [courts] use the transaction test, developed in the context of claim preclusion." *Anguiano-Tamayo*, 2019 WL 359417, at *5 (quoting *Adams*, 487 F.3d at 689). "Courts examine four criteria in applying the transaction test: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (quoting *Adams*, 487 F.3d at 689).

"The last of these criteria is the most important," *Adams*, 487 F.3d at 689, and is often dispositive, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) ("We have often held the common nucleus criterion to be outcome determinative under the first res judicata element."). Two actions arise out of the "same transactional nucleus of facts" if the events causing the claimed liability "relate[] to the same set of facts and whether they could conveniently be tried together." *Id.* at 987; *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1429-30 (9th Cir. 1993).

There is no dispute that *BioCardia I* and *BioCardia II* arise out of the same transactional nucleus of facts. As BioCardia acknowledges: "***The two cases arise out of exactly the same facts***." (3:19-cv-05645-VC, Dkt. 76 at 8; *see also id.* at 5 ("the overlap between the two cases is total"); *id.* at 8 ("The BSC Case and the nVision Case are Essentially Identical"); *id.* at 10 ("The two actions are so closely related that such duplication makes little, if any, sense.").)

All the other factors also compel a finding of claim splitting. First, the rights in *BioCardia I* are threatened by *BioCardia II* because *BioCardia II* is an end-run around this Court's scheduling order in *BioCardia I* and involves the same issues and causes of action. Second, because BioCardia asserts the same claims arising from the same transactions against the same parties or their privies under the same legal theories, it would necessarily rely on the same evidence in both cases. (*See, e.g.*, 3:19-cv-05645-VC, Dkt. 80 at 4 (BioCardia stating that the actions involve "the application of the same facts to the same law"); *id.* at 5 ("the cases will require substantially similar discovery").) Third, both actions similarly "involve infringement of the same right"—BioCardia seeks damages and injunctive relief in both actions stemming from Sarna's alleged breach of contract and misappropriation of BioCardia's trade secrets.

### B.     nVision is in Privity With Multiple Counterdefendants in the Original Case.

For claim splitting, a party is in privity with a party to the first action where "'the [party is] adequately represented in the prior litigation by someone with the same interests who [is] a party.'" *Efficient Frontiers, Inc. v. Marchese*, 2016 WL 7117243, at *3 (C.D. Cal. Dec. 6, 2016) (quoting *Taylor*, 553 U.S. at 894). "[A] lesser degree of privity is required" to support a defendant's use of claim splitting than in other contexts. *See In re PersonalWeb Techs., LLC, et al. Patent Litig.*, 2019 WL 1455332, at *8 (N.D. Cal. Apr. 2, 2019) ("[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action.").

Applied here, nVision is in privity with multiple Counterdefendants in *BioCardia I*—including Boston Scientific and Sarna—because nVision has the same interest as these Counterdefendants in disproving BioCardia's allegations that Sarna acted improperly in founding nVision or developing its intellectual property, and nVision's interests are adequately represented in *BioCardia I* by these Counterdefendants.

### 1.     As a wholly-owned subsidiary of Boston Scientific, nVision is in privity with Boston Scientific for purposes of claim splitting.

BioCardia concedes that "nVision is a wholly-owned subsidiary of Boston Scientific, and the acts alleged [against] them in both cases are the same."  (3:19-cv-05645-VC, Dkt. 80 at 5.) Accordingly, nVision and Boston Scientific have the same interests in this litigation, and nVision's interests are adequately represented in *BioCardia I* by its corporate parent, Boston Scientific.  Indeed, this Court and others in this Circuit have consistently found a corporate parent and its wholly-owned subsidiary to be in privity for purposes of claim splitting (or claim preclusion).  *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 4963253, at *6 (N.D. Cal. Oct. 8, 2019) ("[O]rdinarily, a wholly-owned subsidiary is deemed in privity with its parent for claim splitting (or at least res judicata) purposes."); *Tuitama v. Nationstar Mortg. LLC*, 2015 WL 12744269, at *10 (C.D. Cal. Apr. 13, 2015) (collecting cases), *aff'd*, 678 F. App'x 538 (9th Cir. 2017); *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991) (final judgment against parent entity acted as res judicata bar to claims against subsidiary); Wright & Miller, FED. PRAC. & PROC. JURIS. § 4460 (3d ed.) ("Corporate parents and subsidiaries have been found in privity so as to enable one to assert claim preclusion against a plaintiff who had already lost an action against the other.").

### 2.     nVision is also in privity with Sarna.

BioCardia pleads in the SAC that nVision is "secondarily liable for Ms. Sarna's misappropriation of BioCardia's trade secrets under the doctrine of *respondeat superior* because

Ms. Sarna, as the president and founder of nVision, was acting within the course and scope of her employment in committing the acts of misappropriation as herein alleged." (Dkt. 75, ¶ 111.) nVision and Sarna have the same interest in defeating BioCardia's claims that Sarna misappropriated BioCardia's trade secrets on behalf of nVision, and thus privity also exists between nVision and Sarna. *See Tuitama*, 2015 WL 12744269, at *10 (finding privity between parent and subsidiary where parent was alleged to be "vicariously liable" under *respondeat superior*); *Ramirez v. Adventist Med. Ctr.*, 2017 WL 4798996, at *3 n.1 (D. Or. Oct. 24, 2017).

* * *

Because *BioCardia II* is duplicative of *BioCardia I*—it involves the same causes of action and the same parties and their privies—this action violates the rule against claim splitting and should be dismissed with prejudice.[4]

## II.    BioCardia's Attempts To Avoid Application Of The Claim Splitting Doctrine Are Meritless.

In an attempt to avoid what is a clear-cut application of the claim splitting doctrine, BioCardia argued in its letter brief to the Court (3:19-cv-05645-VC, Dkt. 91) and at the July 23, 2020 hearing that claim splitting ought not bar its duplicative second action because: (1) nVision acquiesced to the split; (2) nVision waived the right to argue claim splitting; and/or, (3) *Adams* does not support a finding of claim splitting on the facts of this case.  None of BioCardia's arguments have merit.

### A.  nVision Did Not Acquiesce to Claim Splitting.

According to BioCardia, "the Ninth Circuit [has] held that where, as here, a defendant opposes a motion to consolidate two actions, it acquiesces to a claim split and the general rule against claim splitting does not apply." (3:19-cv-05645-VC, Dkt. 91 at 4 (citing *RA Med. Sys.,*

---

[4] As BioCardia's counsel acknowledged, nVision currently has no assets and "so the practical effect of not having nVision in the case . . . may well be nothing." (Ex. 2, July 23, 2020 Hearing Tr. at 29:2-4.)  Thus, BioCardia also would not be prejudiced by the dismissal of its claims against nVision, which if anything only further supports dismissal.

*Inc. v. PhotoMedex, Inc.*, 373 F. App'x 784, 787 (9th Cir. 2010)).)  *RA Medical*, which is a non-precedential decision, does not support BioCardia's statement.  In that case, PhotoMedex first sued RA Medical, and RA Medical subsequently filed a second suit against PhotoMedex.  In response to the second suit, PhotoMedex: (1) asserted additional counterclaims that it had discovered after it filed the first action, and then (2) moved to consolidate the two cases.  RA Medical opposed consolidation, and the district court denied the motion to consolidate.  Thereafter, the district court in the second suit dismissed PhotoMedex's newly added counterclaims as barred by the doctrine against claim splitting.  PhotoMedex appealed and the Ninth Circuit reversed, holding that the district court's refusal to consolidate the actions effectively forced PhotoMedex to litigate its newly discovered counterclaims in the second action.  *RA Med.*, 373 F. App'x at 787-88; *see Murphy v. Wells Fargo Home Mortg.*, 2013 WL 4482671, at *6 (N.D. Cal. Aug. 19, 2013).  *RA Medical* is inapplicable to this case.

First, *RA Medical* implicates an exception to the claim splitting doctrine that does not apply here.  Claim splitting does not bar a party from asserting a later-arising claim or a claim that could not have been reasonably asserted in the first suit.  *See, e.g., Media Rights*, 922 F.3d at 1021 ("[C]laim preclusion does not apply to claims that were not in existence and could not have been sued upon—*i.e.*, were not legally cognizable—when the allegedly preclusive action was initiated.").  The district court's dismissal of PhotoMedex's counterclaims in the second suit had the effect of barring PhotoMedex from litigating claims it could not have reasonably asserted in the first suit—effectively barring PhotoMedex from litigating its newly discovered counterclaims at all—and thus was found to be an abuse of discretion.  *RA Med.*, 373 F. App'x at 786-87 ("PhotoMedex alleged . . . that it did not learn of the misappropriation until . . . 2006"—three years after it had filed the first suit); *see Murphy*, 2013 WL 4482671, at *6.  Unlike PhotoMedex, here BioCardia "had a full and fair opportunity to raise and litigate in [the] first action the claims [against nVision] [it] now asserts in this action."  *Adams*, 487 F.3d at 693.

9

Second, it was ***RA Medical*** that filed the second action and then opposed consolidation. The district court improperly allowed ***RA Medical*** to benefit from the situation it had created when it dismissed ***PhotoMedex's*** claims for claim splitting.  In reversing, the Ninth Circuit held that by filing the second suit and then opposing consolidation, RA Medical acquiesced to the split—and therefore acquiesced to PhotoMedex litigating its newly discovered counterclaims in the second action rather than a single consolidated action.  *RA Med.*, 373 F. App'x at 787. Essentially, this holding prevented RA Medical from benefiting from a situation of its own creation.  Here, by contrast, ***BioCardia*** is the party who created the problem by improperly filing the second duplicative action, and it is ***BioCardia's*** claims that should be dismissed for improper claim splitting.

Third, Boston Scientific opposed BioCardia's motion to consolidate on the basis that *BioCardia II* was "a blatant attempt to circumvent the Court's Scheduling Order," (3:19-cv-05645-VC, Dkt. 78 at 5, 9, 11, 12), and "the Court should not allow BioCardia to benefit from its blatant circumvention of the Court's Scheduling Order," (*id.* at 16).  Thus, far from acquiescing to BioCardia's improper claim splitting, Boston Scientific's opposition made clear that "BioCardia's tactics are improper."  (*Id.* at 5, 12.)  Nothing in Boston Scientific's opposition to consolidation can be construed as consenting to BioCardia's improper claim splitting, and nothing in *RA Medical* suggests otherwise.  *See Murphy*, 2013 WL 4482671, at *6 ("[D]uplicative actions are not condoned by *RA Med.*").

**B.    nVision Has Not Waived Its Claim Splitting Argument.**

According to BioCardia, "[b]ecause nVision answered the complaint without a defense of claim splitting, nVision waived the defense."  (3:19-cv-05645-VC, Dkt. 91 at 5.)  BioCardia's waiver argument is without merit, as the Court already stated.  (Ex. 2, July 23, 2020 Hearing Tr. at 5:12-14 ("Do I think they waived, you know, the right to seek dismissal on claim-splitting grounds?  No, I don't think so.").)

---

10

The Ninth Circuit has "liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading," *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984), such that "[i]n the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment," *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).  "This is so even if the affirmative defense in question was not listed in the answer . . . and even if no answer was filed." *Alcarmen v. J.P. Morgan Chase Bank*, 2014 WL 3368647, at *5 (N.D. Cal. July 8, 2014) (granting summary judgment on claim preclusion grounds "notwithstanding Defendants' inexplicable failure to answer the Complaint"); *see also Gay v. Parsons*, 2019 WL 3387954, at *3 n.2 (N.D. Cal. July 26, 2019) ("A defendant may raise affirmative defenses after initial pleading so long as delay does not prejudice the plaintiff—and it is the plaintiff's burden to claim prejudice."), *aff'd*, 810 F. App'x 552 (9th Cir. 2020); *Adobe Sys. Inc. v. NA Tech Direct Inc.*, 2019 WL 5579472, at *10 (N.D. Cal. Oct. 29, 2019) ("Adobe argues that Defendants waived their collateral estoppel defense by not pleading it in their answer. . . . Defendants did not waive their collateral estoppel defense because Adobe articulated no prejudice.").

Here, *BioCardia II* is still in its earliest stages—there is not even a scheduling order in place.  Accordingly, any delay by nVision in raising claim splitting has been minimal, especially in view of the procedural confusion wrought by BioCardia's highly unusual and excessive litigation conduct.  (Ex. 2, July 23, 2020 Hearing Tr. at 36:14-16 ("I think [the waiver] argument is very weak in the highly unusual context of this case.").)  *See Alcarmen*, 2014 WL 3368647, at *5 ("In exercising its discretion, the Court takes into account the unusual circumstances of this case.").  Thus, there was no waiver.

### C. *Adams* Makes Clear That Dismissal with Prejudice Is the Proper Remedy.

At the July 23, 2020 hearing, BioCardia's counsel suggested that *Adams* does not support the application of claim splitting in this case.  (*See* Ex. 2, July 23, 2020 Hearing Tr. at 20:1-23 (discussing *Adams*, 487 F.3d at 688 n.1).)  But as discussed above, *Adams* compels a finding of

11

claim splitting because "the causes of action and relief sought, as well as the parties or privies to the action, are the same," 487 F.3d at 689, and nothing in footnote 1 of *Adams* changes that result.  Footnote 1 in *Adams*, 487 F.3d at 688, states as follows:

> We note that we are affirming the district court's dismissal **on the basis that the second action was duplicative of the first**, and not on the basis that the district court had the discretion to dismiss the second action as a sanction for failing to comply with the Rule 16 scheduling order issued in the first action. *Cf. Atchison, Topeka, & Santa Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1073–74 (9th Cir. 1998) (holding that district court abused its discretion in dismissing a second-filed action with prejudice where plaintiff's claims against a third-party defendant were permissive, not mandatory, under Federal Rule of Civil Procedure 14). Unlike the plaintiff in *Atchison*, Adams was required to bring all of her claims against the defendants and their privies arising from a single cause of action in one suit. Thus, because the filing of a duplicative complaint was abusive, our affirmance of the district court's dismissal does not contravene the rule established in *Atchison* that "district courts have inherent power to control their dockets, but not when its exercise would nullify the procedural choices reserved to parties under the federal rules." *Id.* at 1074.

Neither this footnote nor the *Atchinson* case it cites helps BioCardia avoid dismissal of this action for improper claim splitting.  To the contrary, in the footnote, *Adams* makes clear that the Ninth Circuit is affirming the district court's dismissal on the basis of improper claim splitting.  And with respect to the reference to *Atchinson*, that case involved a different situation involving a third-party impleader claim under Rule 14, which are never subject to claim splitting.

In *Atchinson*, the district court had entered a scheduling order setting a deadline to add third-party defendants.  146 F.3d at 1072.  After that deadline passed, Santa Fe sought to add Rule 14 impleader claims against a third party (Hercules), but "[r]ather than move the district court for leave to amend its complaint . . . to add cross-claims against Hercules, Santa Fe filed a completely separate action."  *Id.* at 1073.  The district court dismissed the second suit against Hercules on the basis that the "separate suit against Hercules constituted a violation of court orders issued in the [first] action."  *Id.*

The Ninth Circuit reversed for two reasons.  First, the Ninth Circuit held that a district court's power to sanction a party for violating a scheduling order does not extend beyond the action in which the violation occurs.  *Id.* at 1073 ("The effect of a district court's sanction may not pervade beyond the action in which the violation occurred.").  Second, the Ninth Circuit reasoned that "allow[ing] dismissal of Santa Fe's separate action against Hercules would eviscerate Rule 14."  *Id.* at 1073-74.  "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff."  *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).  Thus, Rule 14 impleader claims are ***never*** subject to claim splitting because they do not satisfy the "same parties or their privies" requirement.  *Adams*, 487 F.3d at 689.  For example, when a defendant claims indemnification against a third party (as in *Atchinson*), that third party is not in privity with the plaintiff.  The third-party indemnitor and plaintiff do not share the unity of interests required for privity—their interests are very much adverse—and the third-party indemnitor cannot be said to be "adequately represented" in the first lawsuit by the plaintiff.

As *Adams* makes clear, nothing in *Atchison* prevents a court from dismissing an action that violates the claim splitting doctrine.  *See Bennett-Bagorio v. City & Cty. of Honolulu*, 2014 WL 296860, at *6 (D. Haw. Jan. 28, 2014) ("*Atchison* turned on the proper application of Fed. R. Civ. P. 14, which is not in play here, and did not address the claim-splitting doctrine.  In fact, in *Adams*, the Ninth Circuit clarified that an application of the claim-splitting doctrine to dismiss a second action as duplicative does not conflict with the *Atchison* decision because there is no conflicting rule of civil procedure for a proper dismissal in the claim-splitting context."); *Montgomery v. Etreppid Techs., LLC*, 2010 WL 1416771, at *19 (D. Nev. Apr. 5, 2010).

BioCardia's claims against nVision are not Rule 14 claims.  Accordingly, *Atchison*'s holding that Rule 14 claims can be brought in a separate action is inapposite.  As to *Atchison*'s holding that a district court's sanction for violating a scheduling order cannot extend beyond the

action in which the violation occurred does not prevent the Court from dismissing this action for improper claim splitting. Rather, under this motion, the Court would not be dismissing this case as a sanction for BioCardia's violation of the Scheduling Order in *BioCardia I*, but because *BioCardia II* is duplicative of *BioCardia I* and runs afoul of the claim splitting doctrine. *Adams*, 487 F.3d 688 n.1. (*See* Ex. 2, July 23, 2020 Hearing Tr. at 21:21-22:1 ("[T]he second case would not be dismissed as a sanction for failing to comply with the Rule 16 Scheduling Order. The case would be dismissed . . . on the basis that the second action is duplicative of the first.").)

### III.   In The Alternative, To The Extent Any Of BioCardia's Claims Against nVision Are Not Dismissed For Claim Splitting, They Should Be Stricken And/Or Dismissed For Failure To State A Claim.

In the event any part of this action against nVision somehow survives claim splitting, Boston Scientific requests the following relief in the alternative. First, BioCardia's SAC should be stricken under Rule 16(f) for exceeding the scope of the Court's leave to amend. BioCardia was only given leave to amend its complaint in response to EXXclaim's motion to dismiss on the basis that its constructive trust claim was not viable. (Dkt. 64 at 2.) BioCardia never sought leave to amend and expand its allegations on any other issue and had no ability to amend as of right. Accordingly, the Court should strike the SAC in it is entirety or, at a minimum, all amendments not responsive to EXXclaim's motion. *Bassam v. Bank of Am.*, 2015 WL 12697873, at *4 (C.D. Cal. Nov. 3, 2015) ("Where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Raiser v. City of Los Angeles*, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) (same).

Second, BioCardia's claims against nVision for correction of inventorship, breach of contract, and trade-secret misappropriation should be dismissed under Rule 12(b)(6) for failing to state a claim. Because BioCardia's claims against nVision in *BioCardia II* are virtually identical to its claims in *BioCardia I*, nVision does not repeat the Rule 12(b)(6) arguments made

in the contemporaneously filed motion to dismiss filed by Sarna in *BioCardia I*.  But, a number of those same arguments apply with equal force to the complaint against nVision, including:

- BioCardia's failure to plead facts establishing its ownership of the alleged inventions, contract, and trade secrets at issue in this litigation;

- BioCardia's failure to allege sufficient inventive contributions to warrant joint inventorship of any issued patents;

- BioCardia's improper claim for correction of inventorship for patent applications and foreign patents; and,

- BioCardia's pleading of facts that negate the existence of any BioCardia trade secrets.

To the extent BioCardia's claims in *BioCardia I* are dismissed on any of these bases, BioCardia's claims in this case should be dismissed for identical reasons.

Third, BioCardia's claim for trade-secret misappropriation under the Defend Trade Secrets Act ("DTSA") should also be dismissed for failure to state a claim because the SAC fails to sufficiently allege that its trade-secret allegations arose ***after*** the effective date of the DTSA. (Dkt. 75, ¶ 216.)  "The DTSA applies only to misappropriations that occurred 'on or after the date of [DTSA's] enactment'—May 11, 2016."  *Wang v. Golf Tailor, LLC*, 17-CV-00898-LB, 2017 WL 2861111, at *4-5 (N.D. Cal. July 5, 2017).  The SAC merely states that "at least some of the acts of misappropriation, including at least the disclosure or use of the BioCardia Trade Secrets, occurred after the May 11, 2016 effective date of the Act."  (Dkt. 75, ¶ 216.)  This bare recitation of the legal standard for the application of the DTSA is insufficient to state a claim.

## CONCLUSION

BioCardia's suit against nVision clearly satisfies the test for claim splitting set forth in *Adams* because "the causes of action and relief sought, as well as the parties or privies to the action, are the same."  487 F.3d at 689.  Accordingly, nVision respectfully requests that the Court dismiss BioCardia's claims against nVision with prejudice.

Dated:  September 24, 2020          **FAEGRE DRINKER BIDDLE & REATH LLP**

By:    */s/ Timothy E. Grimsrud*
David J.F. Gross (SBN 290951)
Nick P. Chan (SBN 286925)
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Fax: (650) 324-6701
david.gross@FaegreDrinker.com
nick.chan@FaegreDrinker.com

Timothy E. Grimsrud (*pro hac vice*)
Kevin P. Wagner (*pro hac vice*)
Lauren J.F. Barta (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
tim.grimsrud@FaegreDrinker.com
kevin.wagner@FaegreDrinker.com
lauren.barta@FaegreDrinker.com

***Attorneys for Defendant nVision Medical Corporation***

NVISION'S MOTION TO DISMISS
No. 3:20-CV-02829-VC