David J.F. Gross (SBN 290951)
david.gross@faegredrinker.com
Nick P. Chan (SBN 286925)
nick.chan@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Ave., Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Facsimile: (650) 324-6701

[*Additional counsel listed on signature page*]

***Attorneys for Defendant***
***nVision Medical Corporation***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOCARDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, <br><br> Defendants. | Case No. 3:20-cv-02829-VC <br><br> (Related Case No. 3:19-CV-05645-VC) <br><br> **DEFENDANT NVISION MEDICAL CORPORATION'S MOTION FOR SANCTIONS** <br><br> District Judge: Hon. Vince Chhabria <br><br> Hearing: December 3, 2020 (10:00 AM PT) <br><br> JURY TRIAL REQUESTED |

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 2

    I.      BioCardia Should Have Never Filed *BioCardia II* Against nVision ...................... 2

    II.     BioCardia Doubled Down On This Improper Litigation When It Filed Its
           SAC ........................................................................................................................... 3

LEGAL STANDARD ................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

    I.      BioCardia's Filing Of This Case Was In Bad Faith And Warrants
           Sanctions ................................................................................................................... 5

    II.     The Court Has Wide Discretion To Select The Appropriate Sanction ................... 7

           A.      nVision Should be Awarded All of Its Reasonable Attorneys'
                    Fees ............................................................................................................... 8

           B.      At a Minimum, nVision Should be Awarded Its Fees Incurred as
                    a Result of the SAC ..................................................................................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bassam v. Bank of Am.*,
   No. CV1500587MMMFFMX, 2015 WL 12697873 (C.D. Cal. Nov. 3, 2015) .......................... 6

*Chambers v. NASCO, Inc.*,
   501 U.S. 27 (1991) ........................................................................................................... 5, 8

*Chand v. Experian Info. Sols., Inc.*,
   16-CV-6311-YGR, 2017 WL 1046971 (N.D. Cal. Mar. 20, 2017) ........................................ 7

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*,
   244 F.3d 1128 (9th Cir. 2001) ............................................................................................. 8

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ........................................................................................... 4, 6

*Forte v. Cty. of Merced*,
   No. 1:11-CV-00318-AWI, 2015 WL 461599 (E.D. Cal. Feb. 3, 2015), *report and recommendation adopted*, No. 1:11-CV-0318 AWI BAM, 2015 WL 3609310 (E.D. Cal. June 8, 2015), aff'd, 691 F. App'x 473 (9th Cir. 2017) ........................................... 5

*Great Dynasty Intl. Fin. Holdings Ltd. v. Haiting Li*,
   C-13-1734 EMC, 2014 WL 3381416 (N.D. Cal. July 10, 2014) .......................................... 7

*Lahiri v. Universal Music and Video Distrib. Corp.*,
   606 F.3d 1216 (9th Cir. 2010) ............................................................................................. 7

*Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*,
   50 F.3d 730 (9th Cir. 1995) ................................................................................................. 7

*Nanak Found. Trust v. GMAC Mortg. LLC*,
   No. C-12-5647 EMC, 2012 WL 5818284 (N.D. Cal. Nov. 15, 2012) ................................... 4

*Raiser v. City of Los Angeles*,
   No. CV 13-2925 RGK RZ, 2014 WL 794786 (C.D. Cal. Feb. 26, 2014) ............................. 6

*SinCo Techs. PTE Ltd. v. SinCo Elecs. (DongGuan) Co. Ltd.*,
   No. 17CV05517EMCJCS, 2019 WL 4148198 (N.D. Cal. Sept. 3, 2019) ............................. 4

**RULES**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1

# **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

      PLEASE TAKE NOTICE that on Thursday, December 3, 2020 at 10:00 a.m. (PT), before the Honorable Vince Chhabria in Courtroom 4 of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant nVision Medical Corporation ("nVision") will, by this motion and supporting memorandum of points and authorities, move for sanctions pursuant to the Court's inherent authority for (1) BioCardia's decision to file this separate lawsuit ("*BioCardia II*") against nVision in violation of the doctrine against claim splitting; and (2) BioCardia's decision to continue to pursue its claims against nVision in its Second Amended Complaint ("SAC," Dkt. 75), despite being warned by the Court—both orally and in writing—that its claims against nVision were very likely going to fail in view of the claim splitting doctrine.

      There are also a number of other pending motions in this case and in the related case, *Boston Scientific Corp. et al. v. BioCardia, Inc.*, 3:19-CV-05645-VC ("*BioCardia I*"). For convenience, Exhibit 1 to this motion provides an overview of all the contemporaneously-filed motions in *BioCardia I* and *BioCardia II* and their relationship to one another, to the extent applicable.

## MEMORANDUM OF POINTS AND AUTHORITIES

In its motion to dismiss filed contemporaneously herewith, nVision asks that all claims stated against nVision in the SAC be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) as barred by the claim splitting doctrine. In this motion, nVision asks that, pursuant to the Court's inherent authority, the Court award nVision its reasonable attorneys' fees incurred as a result of BioCardia's filing of this improper suit.

At the July 23, 2020 hearing the Court found that BioCardia's "litigation conduct has been atrocious," (Ex. 2, July 23, 2020 Hearing Tr. at 4:15), especially because BioCardia "effectively decided to not sue nVision" in *BioCardia I*, later "realized that was a bad decision" and then filed a second lawsuit, *BioCardia II*, because it had "blown [its] opportunity" to add nVision in *BioCardia I*, (*id.* at 24:17-19). The Court found that this conduct was "egregious . . . both from the standpoint of prejudicing the defendants and from the standpoint of, you know, lack of diligence." (*Id.* at 6:5.) The Court explained that the "second lawsuit against nVision, is almost certainly improper claim splitting," (*id.* at 12:11-13), and that it would be within the Court's judicial discretion to dismiss *BioCardia II* on claim splitting grounds, (*id.* at 4:20-25). The Court gave BioCardia one "last chance" to amend its complaint but cautioned that it was "very likely" that any further complaint against nVision would be dismissed on claim splitting grounds. (*Id.* at 43; Dkt. 64 at 2.) The Court also stated that "it may very well be appropriate to require BioCardia to pay the defendant's attorneys' fees that have been incurred as a result of all of [BioCardia's] litigation conduct," including the filing of this case against nVision. (Ex. 2, July 23, 2020 Hearing Tr. at 10:19-22.) BioCardia subsequently filed its SAC against nVision, but made no amendments attempting to address its claim splitting problem. Instead, BioCardia used the SAC to add 100 pages of allegations in support of its claims for correction of inventorship, disgorgement of profits based on unjust enrichment and imposition of constructive trust, and trade-secret misappropriation for which it had never even sought leave to amend.

nVision hereby moves for sanctions against BioCardia pursuant to the Court's inherent authority. nVision respectfully requests that the Court award nVision its reasonable attorneys'

fees incurred as a result of BioCardia having filed this case against nVision. BioCardia should not have brought this separate litigation against nVision in the first place, and certainly should not have refiled its baseless complaint against nVision after the Court's July 23, 2020 hearing.[1]

## BACKGROUND

### I.   BioCardia Should Have Never Filed *BioCardia II* Against nVision.

BioCardia represented that it initially believed that it did not need to name nVision in *BioCardia I* because nVision was merged into Boston Scientific. (Ex. 3, July 16, 2020 Hearing Tr. at 20:3-19.) Based on publicly available information, however, BioCardia should have discovered from a basic pre-suit investigation that nVision and Boston Scientific Corporation are separate entities. (*See* 3:19-CV-05645-VC, Dkt. 63-2.) BioCardia has admitted as much. (Ex. 2, July 23, 2020 Hearing Tr. at 28:14-18 (BioCardia's counsel: "Should I have realized earlier that . . . nVision [] remained a separate company, a wholly-owned sub rather than division, ***yes, I should have realized it sooner***.").)

In fact, BioCardia was told on multiple occasions that nVision had not been merged into Boston Scientific and it still chose not to bring claims against nVision in *BioCardia I* before the February 10, 2020 deadline to amend its pleadings had passed. Boston Scientific's declaratory judgment complaint, in multiple places, expressly states that Boston Scientific is the parent of nVision. (3:19-CV-05645-VC, Dkt. 1 ¶¶ 11, 118, 151 ("Boston Scientific, as the parent of nVision"); *see also* ¶ 12 ("Boston Scientific Corporation brings this action as the owner of nVision").) During a meet-and-confer on December 6, 2019, Boston Scientific's counsel expressly informed BioCardia that nVision had not been merged into Boston Scientific and asked that BioCardia amend its counterclaims accordingly. Nevertheless, on December 11, 2019, BioCardia filed a First Amended Answer and Counterclaims ("FAAC") that did not name nVision as a counterdefendant but maintained the incorrect allegation that "Boston Scientific merged nVision into itself." (3:19-CV-05645-VC, Dkt. 43, ¶ 53.) On January 8, 2020, Boston

---

[1] All docket cites are to the 3:20-CV-02829-VC docket unless stated otherwise. Emphases are added unless stated and "Ex.___" cites are exhibits to the Grimsrud Declaration.

Scientific answered the FAAC to deny that it had merged nVision into itself. (3:19-CV-05645-VC, Dkt. 46, ¶ 53.) On the same day, Ms. Sarna moved to strike BioCardia's amended answer because it failed to add nVision as a counterdefendant and yet referenced nVision as if it were a party. (3:19-CV-05645-VC, Dkt. 48.) Sarna's motion stated in clear terms that nVision remained "an active California corporation," and that BioCardia could have made nVision "a party to these proceedings." (*Id.* at 2-4.) BioCardia responded with a statement of non-opposition. (3:19-CV-05645-VC, Dkt. 56.) Thus, BioCardia made an intentional choice not to name nVision as a party in *BioCardia I* well before the February 10, 2020 deadline to amend its pleadings had passed.

Months after the February 10, 2020 deadline in *BioCardia I*, BioCardia changed its mind, and decided that it did want to include nVision as a party in the lawsuit. However, instead of following the required course of seeking leave to amend in *BioCardia I*, BioCardia instead filed this second lawsuit against nVision, (Dkt. 1), and then quickly moved in *BioCardia I* to "consolidate" the two cases (3:19-CV-05645-VC, Dkt. 76.) In short, knowing it blew the deadline to add parties in *BioCardia I*, BioCardia filed this lawsuit as a blatant end-run around the Scheduling Order in that case.

**II.     BioCardia Doubled Down On This Improper Litigation When It Filed Its SAC.**

At the July 23, 2020 hearing, the Court aptly summarized the facts regarding BioCardia's filing of this lawsuit against nVision: "You effectively decided to not sue nVision, and then all of a sudden, later on you realized that was a bad decision and so you filed a second lawsuit because you had blown your opportunity." (Ex.2, July 23, 2020 Hearing Tr. at 24:16-19.) The Court viewed this blatant end run around its scheduling order as particularly "egregious," (*id.* at 6:5), because the "second lawsuit against nVision, is almost certainly improper claim splitting," (*id.* at 12:11-13). The Court cautioned that it "would be shocked" if *BioCardia II* was not dismissed as to nVision on claim splitting grounds. (*Id.* at 9:11-16; *see also id.* at 19:9-11.)

In addition, the Court indicated that some award of attorneys' fees to defendants was likely justified by BioCardia's conduct to date, stating:

> [I]t may very well be appropriate to require BioCardia to pay the defendant's attorneys' fees that they have incurred as a result of all of this litigation conduct, this failure to add the trade secrets in a timely fashion, you know, this attempt to – this seemingly inappropriate attempt to file a second lawsuit against nVision.

(*Id.* at 10:19-25.)

> I think another very likely outcome is that, you know, the defendants need to be compensated for the money – attorneys' fees they've incurred in trying to deal with all of these problems that you've created.

(*Id.* at 18:25-19:3.)

On August 20, 2020, BioCardia doubled down on its earlier misconduct by filing its SAC against nVision. BioCardia's SAC not only continued to pursue all of its prior claims against nVision, but further added 100 pages of new allegations and claims, which largely mirrored its improper amendments to the SAAC in *BioCardia I*. (*Compare* Dkt. 75, *with* 3:19-CV-05645-VC, Dkt. 112.)

## LEGAL STANDARD

Under the Court's inherent authority "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."[2] *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). For example, "an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Id.* The Court has "broad fact-finding powers to grant or decline sanctions" warranting "great deference." *Forte v. Cty. of Merced*, No. 1:11-CV-00318-AWI, 2015 WL 461599, at *8 (E.D. Cal. Feb. 3, 2015), *report and recommendation adopted*, No. 1:11-CV-0318 AWI BAM, 2015 WL 3609310 (E.D. Cal. June 8, 2015), aff'd, 691 F. App'x 473 (9th Cir. 2017) (citation omitted). "A primary aspect of the Court's discretion in exercising its inherent powers 'is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *SinCo*

---

[2] "The inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Nanak Found. Trust v. GMAC Mortg. LLC*, No. C-12-5647 EMC, 2012 WL 5818284, at *3 (N.D. Cal. Nov. 15, 2012).

*Techs. PTE Ltd. v. SinCo Elecs. (DongGuan) Co. Ltd.*, No. 17CV05517EMCJCS, 2019 WL 4148198, at *6 (N.D. Cal. Sept. 3, 2019) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 27, 44-45 (1991)). For example, awarding attorney's fees "serv[es] the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers*, 501 U.S. at 46.

## ARGUMENT

I.  **BioCardia's Filing Of This Case Was In Bad Faith And Warrants Sanctions.**

BioCardia filed this case because it blew the deadline to amend its pleadings in *BioCardia I* and was no longer able to add nVision as a party. (Ex. 3, July 16, 2020 Hearing Tr. at 20:3-19.) This was a deliberate choice, not an innocent mistake. BioCardia was concerned that it would not be able to meet the good cause standard to obtain leave to amend its pleading to name nVision in *BioCardia I*, so it instead filed this second lawsuit. As the Court already found, this decision to end run around the Court's Scheduling Order was "atrocious" and "egregious" litigation conduct that clearly prejudiced defendants and warrants an award of attorneys' fees. (*Id.* at 4:15, 6:5.) As explained in Boston Scientific's motion to dismiss for claim splitting, BioCardia's after-the-fact attempts to justify its egregious conduct fail as a matter of law.

In addition, BioCardia's filing of this case against nVision was a violation of an express agreement between the parties to consolidate all of their disputes in the *BioCardia I* action. Specifically, when this litigation started, BioCardia had filed an arbitration against Sarna, Sarna had filed a state court action against BioCardia, and Boston Scientific and Fortis had filed the declaratory judgment action that is *BioCardia I*. (3:19-CV-05645-VC Dkt. 43 at ¶¶ 2-5.) In BioCardia's own words, the parties then "agreed that they would resolve ***all of their disputes*** in [*BioCardia I*]." (*Id.* at ¶ 6.) In filing *BioCardia II*, BioCardia intentionally violated this agreement, destroying the very litigation efficiencies the parties had set out to achieve.

BioCardia's filing of the SAC only compounded the problems it had created. BioCardia refiled its complaint against nVision following clear warning that its claims against nVision were

"almost certainly improper claim splitting" and would very likely be dismissed. (Ex. 2, July 23, 2020 Hearing Tr. at 12:11-13.) Moreover, BioCardia refiled these claims despite acknowledging that there was likely no benefit to having nVision be part of this litigation. As BioCardia admitted at the July 23, 2020 hearing, "the practical effect of not having nVision in the case is not effectively clear right now, but it may well be nothing because it has no assets." (*Id.* at 29:2-4.) And BioCardia did not just refile the claims it had previously stated against nVision together with some amendments responsive to EXXclaim's motion to dismiss, which was the only area of amendment permitted by the Court's Order granting leave to amend, but expanded its claims against nVision without ever seeking leave to do so. *Bassam v. Bank of Am.*, No. CV1500587MMMFFMX, 2015 WL 12697873, at *4 (C.D. Cal. Nov. 3, 2015) ("Where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Raiser v. City of Los Angeles*, No. CV 13-2925 RGK RZ, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) (same).

Given these facts, the only reasonable conclusion is that BioCardia's litigation conduct was in bad faith. BioCardia's decision to file this case against nVision shows no respect for the Court's Scheduling Order in *BioCardia I*, the judicial process, or the parties' agreement to consolidate their disputes, and is an abuse of the litigation process. At best, BioCardia's conduct demonstrates "recklessness" and an intentional choice to continue to pursue "frivolous[]" claims against nVision, which it knew were almost certainly precluded by the claim splitting doctrine. *Fink*, 239 F.3d at 994. At worst, BioCardia's conduct demonstrates "recklessness" and an "improper purpose" to "attempt to influence or manipulate proceedings in [this] case in order to gain tactical advantage in [*BioCardia I*]" and multiply the proceedings and drive up defendant's litigation costs. *Id.* Under either scenario, BioCardia's conduct is "sanctionable under a court's inherent power." *Id.*; *see, e.g., Great Dynasty Intl. Fin. Holdings Ltd. v. Haiting Li*, C-13-1734 EMC, 2014 WL 3381416, at *8 (N.D. Cal. July 10, 2014) ("Ms. Simms and Mr. Kloecker acted recklessly in filing frivolous federal securities fraud claims without a basis in fact or in law. . .

That conduct is sanctionable under the inherent authority of this Court."); *Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1221 (9th Cir. 2010) ("However, viewed in the context of the history of this litigation, the court did not abuse its discretion in finding that Kornarens acted recklessly and in bad faith in pursuing a frivolous copyright claim for five years."); *Chand v. Experian Info. Sols., Inc.*, 16-CV-6311-YGR, 2017 WL 1046971, at *2 (N.D. Cal. Mar. 20, 2017) ("Here, at a minimum, the filed complaint was frivolous, as it contained contradictory and false allegations. Further, plaintiff's counsel's choice to file the complaint was reckless, as even a cursory review of the complaint would have revealed the glaring inconsistencies.").

Rather than conceding that it acted in bad faith and should drop this second lawsuit, BioCardia has only exacerbated its conduct by offering after-the-fact justifications for its conduct. (*See* Dkt. 91.) As explained in Boston Scientific's motion to dismiss, none of these after-the-fact justifications have any merit and they do not excuse BioCardia's bad-faith conduct. *See, e.g.*, *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) ("For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar the assessment of attorney's fees.'").

## II.    The Court Has Wide Discretion To Select The Appropriate Sanction.

In view of BioCardia's bad-faith filing of this lawsuit, the Court's inherent power to control litigation provides it with broad discretion to impose appropriate sanctions, including a sanction of attorneys' fees. *See Chambers*, 501 U.S. at 43; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").

**A.     nVision Should be Awarded All of Its Reasonable Attorneys' Fees.**

BioCardia's filing of this improper second lawsuit multiplied the proceedings and caused nVision to incur substantial attorneys' fees,[3] including in (1) reviewing and analyzing all pleadings and filings in this case; (2) analyzing BioCardia's motion to consolidate filed in *BioCardia I*; (3) preparing for and attending the hearings on July 16, 2020 and July 23, 2020; (4) moving to dismiss this case for improper claim splitting; and (5) preparing and filing this motion. nVision would not have incurred any of these expenses but for BioCardia's misconduct and improper filing of this lawsuit. nVision, moreover, should not have to bear the brunt of BioCardia's misconduct and litigation failings. Rather, as the Court stated at the July 23 hearing, "the defendants need to be compensated for the money. . . attorneys' fees they've incurred in trying to deal with all of these problems that BioCardia created." (Ex. 2, July 23, 2020 Hearing Tr. at 18:25-19:3.) Accordingly, nVision respectfully requests that it be awarded all of its fees incurred in this case. If the Court grants this request, nVision proposes to submit an accounting of its attorneys' fees for the relevant activities within 14 days of ruling on this motion.

**B.     At a Minimum, nVision Should be Awarded Its Fees Incurred as a Result of the SAC.**

At the July 23, 2020 hearing, the Court put BioCardia on clear notice that its claims against nVision would likely be dismissed based on claim splitting, stating that the Court would be "shocked" if BioCardia's claims against nVision were not dismissed, (*Id.* at 9:11-16), because they are "almost certainly improper claim splitting," (*Id.* at 12:11-13). Yet BioCardia chose to plow ahead, causing nVision to spend still more fees to (1) analyze the SAC, (2) prepare and file a motion to dismiss the SAC, and (3) prepare this motion. None of these fees would have been necessary had BioCardia heeded the Court's warnings at the July 23 hearing and restrained from refiling its claims against nVision. Accordingly, while it is well within the Court's discretion to award nVision all of its fees incurred in this case, the Court should at a minimum award nVision

---

[3] BioCardia's misdeeds did not only harm nVision. The other Counterdefendants in *BioCardia I* also incurred substantial fees in evaluating BioCardia's complaint against nVision and the shareholders, assessing the impact of *BioCardia II* on *BioCardia I*, and opposing consolidation of the two cases.

its fees incurred since BioCardia's filing of the SAC.  If the Court grants this request for attorneys' fees, nVision proposes to submit an accounting of its attorneys' fees for the relevant activities within 14 days of ruling on this motion.

## CONCLUSION

For the reasons stated above, nVision respectfully requests that the Court award nVision its reasonable attorneys' fees incurred as a result of BioCardia's conduct in filing this improper action against nVision.

Dated:  September 24, 2020     **FAEGRE DRINKER BIDDLE & REATH LLP**

By:  */s/ Timothy E. Grimsrud*

David J.F. Gross (SBN 290951)
Nick P. Chan (SBN 286925)
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Fax: (650) 324-6701
david.gross@FaegreDrinker.com
nick.chan@FaegreDrinker.com

Timothy E. Grimsrud (*pro hac vice*)
Kevin P. Wagner (*pro hac vice*)
Lauren J.F. Barta (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
tim.grimsrud@FaegreDrinker.com
kevin.wagner@FaegreDrinker.com
lauren.barta@FaegreDrinker.com

***Attorneys for Defendant nVision Medical Corporation***