IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
NICHOLAS MARTINI (SBN 237687)
nmartini@feinday.com
**FEINBERG DAY KRAMER ALBERTI**
**LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650.825.4300/Fax: 650.460.8443

*Attorneys for Plaintiff* BioCardia, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BIOCARDIA, INC. <br><br> Plaintiff. <br><br> v. <br><br> nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, <br><br> Defendants. | CASE NO. 3:20-02829-VC <br><br> **BIOCARDIA, INC.'S OPPOSITION TO nVISION MEDICAL CORPORATION'S MOTION TO DISMISS** <br><br> Date: December 3, 2020 <br> Time: 10:00 a.m. <br><br> Judge: Hon. Vince Chhabria |

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................... 1
II.    TWO RELEVANT FACTS .......................................................................................... 2
III.   ARGUMENT ................................................................................................................. 2
   A.   This Action is Proper Because nVision is Not an "Opposing Party" in the *BSC Lawsuit* (Rule 13) ........................................................................................................ 2
   B.   Assuming BioCardia Could Have Filed a Claim Against nVision in the *BSC Lawsuit*, Such A Claim Would, at Most, Have Been Permissive and Permissive Claims are Not Subject to the Doctrines of Claim Preclusion and Claim Splitting ..................................... 9
IV.    NVISION'S ALTERNATIVE GROUNDS FOR DISMISSAL ....................................... 12
V.     CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Aero Care Intern. LLC v. International Medivac Services, Inc.*,
  No. CV-07-00979-PHX-MHM, 2008 WL 853623 (D. Ariz. Mar. 27, 2008) ............................ 4

*Asset Resolution, LLC v. Schoonover*,
  No. 2:09-cv-01823-RCJ-GWF, 2009 WL 5040123 (D. NV Dec. 15, 2009) .............................. 1

*Atchison, Topeka, & Santa Fe Ry. Co. v. Hercules, Inc.*,
  146 F.3d 1071 (9th Cir. 1998) ....................................................................................... 11, 12

*Avemco Ins. Co. v. Cessna Aircraft Co.*,
  11 F.3d 998 (10th Cir. 1993) ................................................................................................. 6

*Banco Nacional de Cuba v. First Nat'l City Bank*,
  478 F.2d 191 (2d Cir. 1973) ............................................................................................... 6, 7

*Bell v. Weltman, Weinberg & Reis Co, L.P.A.*,
  No. 1:16cv685, 2020 WL 2099924 (S.D. Ohio May 1, 2020) ............................................... 11

*Columbia Plaza Corporation v. Security National Bank*,
  525 F.2d 620 n. 24 (D.C. Cir.1975) ...................................................................................... 10

*GIA-GMI, LLC v. Michener*,
  No. C-06-7949-SBA, 2007 WL 1655614 (N.D. Cal. June 7, 2007) ................................ passim

*Henry v. Gill Industries, Inc.*,
  983 F.2d 943 (9th Cir. 1993) ................................................................................................ 11

*In re Adblox, Inc.*,
  488 F.3d 836 (9th Cir. 2007) ....................................................................................... 1, 3, 13

*Mason Tenders Dist. Council Pension Fund v. Messera*,
  No. 95 Civ. 9341 (RWS), 1996 WL 351250 (S.D.N.Y. June 26, 1996) ................................. 10

*Noel v. Hall*,
  341 F.3d 1148 (9th Cir. 2003) ....................................................................................... passim

*Painter v. Harvey*,
  863 F.2d 329 (4th Cir. 1988) ................................................................................................ 10

*Peterson v. Watt*,
  666 F.2d 361 (9th Cir. 1982) ................................................................................................ 12

*Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*,
  292 F.3d 384 (3d Cir. 2002) ................................................................................................ 6, 7

**I.     INTRODUCTION**

nVision's Motion argues the Court should dismiss BioCardia's claims due to claim splitting, but claim splitting is not the relevant inquiry. BioCardia is a ***defendant,*** and now counterclaimant -- not the plaintiff -- in *Boston Scientific Corp. et al v. BioCardia, Inc.*, No. 3:19-cv-05645-VC (the "*BSC Lawsuit*"). Given the parties' posture in the *BSC Lawsuit*, the real question—which nVision never engages, much less addresses—is whether BioCardia's claims against nVision in this action were compulsory counterclaims within the meaning of Rule 13 in the *BSC Lawsuit*.[1]  They were not.

Rule 13 provides that a defendant may counterclaim against an "opposing party." An "opposing party" must be an actual party to the litigation. Because nVision was not a plaintiff in the *BSC Lawsuit,* it was not an "opposing party" in that case, so Rule 13 does not authorize a counterclaim against it. Rather, Rule 13 mandates that BioCardia bring a separate action against nVision, which it did. Pursuant to the following authority, which nVision ignores, BioCardia's filing of a separate suit against nVision was procedurally proper and endorsed by this district: (1) the plain language of Rule 13; (2) *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003); (3) *In re Adblox, Inc.*, 488 F.3d 836 (9th Cir. 2007); and (4) *GIA-GMI, LLC v. Michener*, No. C-06-7949-SBA, 2007 WL 1655614 (N.D. Cal. June 7, 2007).

Moreover, even if BioCardia could sue nVision in the *BSC Lawsuit*, such a "counterclaim" would only be permissive, not compulsory, as nVision was not an "opposing party" in the *BSC Lawsuit*. The doctrines of claim preclusion and claim splitting do not apply to permissive counterclaims. In sum, under Rule 13, nVision's Motion fails for multiple reasons. (nVision's Motion fails to even mention Rule 13 and should not be authorized to address it for the first time in reply.) The Court should deny nVision's Motion.

---

[1] *See, e.g., Asset Resolution, LLC v. Schoonover*, No. 2:09-cv-01823-RCJ-GWF, 2009 WL 5040123, at *4-5 (D. NV Dec. 15, 2009) ("The relevant question is whether the claims in Compass II are compulsory counterclaims in Compass I. . . . *Adams* was a claim-splitting case involving a ***plaintiff*** who filed a second action after a district court had denied her motion to amend her compliant in the first action. . . . The *Adams* court did not even mention the compulsory counterclaim rule. . . . The problem here is not claim splitting, but the compulsory counterclaim rule.") (emphasis added).

## II.   TWO RELEVANT FACTS

As discussed below, only two facts matter in considering nVision's Motion:

*Fact 1*: On September 6, 2019, (1) Boston Scientific Corporation ("Boston Scientific"), (2) Boston Scientific Scimed, Inc. ("Boston Scimed") and (3) Fortis Advisors LLC ("Fortis") sued BioCardia. *BSC Lawsuit*, Dkt. No. 1.

*Fact 2*: nVision is not a plaintiff in, or a party to, the *BSC Lawsuit*. *See*, *e.g.*, nVision's Motion, Dkt. No. 76 at p. 1 ("The Original Case ('BioCardia I') Did Not Include nVision As A Party.").

## III.   ARGUMENT

### A.   This Action is Proper Because nVision is <u>Not</u> an "Opposing Party" in the *BSC Lawsuit* (Rule 13)

Rule 13(a) governs compulsory counterclaims and Rule 13(b) governs permissive counterclaims. Rule 13(a) and Rule 13(b) both dictate that a litigant may only counterclaim against an "***opposing party***." Fed. R. Civ. P. 13(a) (compulsory counterclaims are those that "the pleader has against an ***opposing party*** if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ."); Fed. R. Civ. P. 13(b) ("(b) Permissive Counterclaim. A pleading may state as a counterclaim against an ***opposing party*** any claim that is not compulsory.").

Under Rule 13 the only counterclaims that BioCardia, the defendant in the *BSC Lawsuit*, may bring are those against the "***opposing parties***"—*i.e.*, the plaintiffs in the *BSC Lawsuit*. nVision is ***not*** an "opposing party" in the *BSC Lawsuit*. Rule 13 is clear. It does not have exceptions to the "opposing party" requirement. Accordingly, BioCardia was not required to bring counterclaims against nVision in the *BSC Lawsuit* under Rule 13.

In its Motion, nVision argues for the application of claim splitting because it is allegedly in "privity" with Boston Scientific and Ms. Sarna in the *BSC Lawsuit*. Dkt. No. 76 at 7-8. But while the common-law doctrine of claim splitting may be applied to privies of a defendant in a first-filed case, Rule 13 does not compel counterclaims against non-party privies of a plaintiff, regardless of whether the claims concern the same transaction or occurrence. Rule 13(a) applies

to "opposing parties" only.  To invent an exception for privies to a clear and straightforward Rule would be improper.  In sum, Rule 13 ***does not require the addition of third-parties by a defendant***.  BioCardia was not required to add nVision as a third-party defendant to the *BSC Lawsuit*.

Indeed, the Ninth Circuit further holds that a "counterclaim under Rule 13 ***must*** be against an 'opposing party.'"  *In re Adblox, Inc.*, 488 F.3d at 840.  *Adblox* held that a counterclaim cannot even be asserted against a plaintiff in a capacity different from that in which it sued.  *Id.*  *Adblox* confirms that Rule 13 is plain and clear on its face and that "opposing party" means an actual party to the litigation and in the capacity that the party to the litigation is appearing.

While the "Ninth Circuit has not yet directly interpreted the scope of Rule 13's 'opposing party' language" (*see GIA-GMI*, 2007 WL 1655614, at *4[2]) its opinion in *Noel v. Hall*, 341 F.3d 1148, 1170-71 (9th Cir. 2003), is highly persuasive.  The *Noel* case involved application of Washington State's equivalent of Rule 13, which has the "opposing party" requirement and virtually identical language to Rule 13.[3]  Moreover, the *Noel* case presents facts that are indistinguishable from the current case.

In *Noel*, the plaintiff in a second-filed suit (Noel) was precluded from bringing a wiretapping claim that was logically related to a claim brought against him by the plaintiff in a first-field suit (Sandra Hall).  *Noel*, 341 F.3d at 1170-71.  But Noel was not precluded from bringing his wiretapping claim against Brian Hall in the second-filed suit—even though it was also logically related—because Brian Hall was not a plaintiff in the first-filed case and thus not

---

[2] *GIA-GMI* was decided just three days after *In re Adblox*, which is presumably why the *GIA-GMI* case does not address *In re Adblox*.

[3] *Compare* Washington Civil Rule 13(a) ("Compulsory Counterclaims: A pleading ***shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party***, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.") *with* Federal Rule 13(a) ("Compulsory Counterclaim. (1) *In General*.  A pleading ***must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party*** if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.").  *Noel*, 341 F.3d at 1168.

an "opposing party" in the first-filed suit:

> Rule 13(a) makes compulsory only counterclaims against an opposing party in the lawsuit.  Noel's wiretapping claims are logically related to and thus should have been brought as counterclaims in Sandra Hall's Clark County wiretapping and privacy suit. Therefore, Noel should have brought his wiretapping claims *against Sandra Hall* in the Clark County suit, and they are now precluded as unasserted compulsory counterclaims.
>
> Brian Hall, however, was not a plaintiff—and thus not an opposing party—in Sandra Hall's Clark County suit. Therefore, Noel's wiretapping claims against him were not compulsory counterclaims in that suit. The Washington courts have adopted a strict reading of Rule 13(a)'s requirement that a pleader must bring compulsory counterclaims against "any opposing party."
> * * *
> Thus, even though Noel's present claims were compulsory counterclaims in the earlier suit as to Sandra, they were not as to Brian.

*Id.*

The Halls were no doubt in "privity"—they were husband and wife accused of wiretapping based on the same tapes that were found in their shared mobile home.  *Id.* at 1152 and 1168-71.  But in privity or not, that the husband, Brian, was not a plaintiff in the first case meant that the claims against him were not compulsory counterclaims.  As the Ninth Circuit found, there are simply no exceptions to the "opposing party" party requirement for compulsory counterclaims.  *Id.*

It would make no sense that the Ninth Circuit would find that Federal Rule 13 and Washington Rule 13 – which are substantively identical – should be interpreted differently.  Had the *Noel* court been ruling on Federal Rule 13 instead of the substantively identical Washington Rule 13, the *Noel* case would be binding on this Court.  Though not binding, district courts in the Ninth Circuit follow the *Noel* case when applying Federal Rule 13 and have confirmed that the "opposing party" requirement of Federal Rule 13 means an actual party to the litigation.  *See Aero Care Intern. LLC v. International Medivac Services, Inc.*, No. CV-07-00979-PHX-MHM, 2008 WL 853623, at *2 (D. Ariz. Mar. 27, 2008) ("An 'opposing party' for the purposes of [FRCP] Rule 13 is 'one who asserts a claim against the prospective counterclaimant in the first instance.' *Noel v. Hall,* 341 F.3d 1148, 1170–71 (9th Cir. 2003)."); *GIA-GMI*, 2007 WL 1655614, at *4 (citing and quoting William W Schwarzer, et al., California Practice Guide:

Federal Civil Procedure Before Trial § 8:262 (2007) (defining "opposing party" as "any party who has *previously asserted a claim against the counterclaimant*")) (emphasis in original).

Regarding the clarity of Rule 13 and the meaning of "opposing party," *GIA-GMI*, from this District, held that:

> Whatever flaws Rule 13 may have, it at least has the virtue of clarity. The plain meaning of "opposing party" is a *party* to the lawsuit-that is, a named party who asserted a claim against the counterclaimants. To accept the expansive definition of this term espoused by defendants would erode the Rule's clarity to the point that litigants would simply have to guess in each individual case whether a court would determine that a potential defendant to a counterclaim is an "opposing party."

*Id*. at *4.

In *GIA-GMI*, the plaintiff, GIA-GMI, sued concerning a loan it made to GMICC (a defunct company). *Id.* at *1. The defendants were former officers and directors of GMICC. Certain defendants counterclaimed against GIA-GMI and a non-party, Mr. Blankenship (the managing member of GIA-GMI). *Id.* Mr. Blankenship moved to dismiss the counterclaims against him as improper under Rule 13 because he was not a plaintiff and, therefore, not an "opposing party" to the defendants that brought the counterclaims. *Id.* at *2. The Court agreed, holding that, because Mr. Blankenship was merely an officer of GIA-GMI and not an alter-ego of GIA-GMI and therefore not "one and the same for purposes of the litigation" as GIA-GMI, he was not an "opposing party," and, thus, the claims could not be asserted against him as counterclaims. *Id.* at *3-5.

Plaintiff GIA-GMI and Mr. Blankenship were no doubt in "privity." Mr. Blankenship GIA-GMI's managing member and the claims against GIA-GMI and Mr. Blankenship involved the same conduct. *Id.* at *1. But, whether in privity or not, the fact that Mr. Blankenship was not a plaintiff in the case meant that the claims against him were not permissive counterclaims, much less compulsory, because he was not an "opposing party" within the meaning of Rule 13. *Id.* at *3-5. The defendants lodged the observation that it made no procedural sense to require them to sue Mr. Blankenship separately and then move to consolidate the cases. But that is exactly what Rule 13 required, the Court said. *Id.* at *4-5 ("Finally, defendants, all but conceding

that Blankenship is not an 'opposing party' within the meaning of Rule 13, argue that dismissal under Rule 13 'gives nothing to either side; nor does it assist the court.' . . . Be that as it may, the Court is not free to extricate defendants from the obligation to jump through 'procedural hoop' prescribed by the Federal Rules simply because they make bringing claims slightly more burdensome.").

Following *GIA-GMI*, BioCardia did ***exactly*** what it should have done to bring claims against nVision—*i.e.*, it brought a separate case against nVision and moved to consolidate. If BioCardia had counterclaimed against nVision, a non-party in the *BSC Lawsuit*, nVision would have readily moved to dismiss those claims under Rule 13. *GIA-GMI*, 2007 WL 1655614, at *4-5. nVision's request for sanctions is baseless. The conduct that nVision argues is sanctionable is actually the proper way for BioCardia to bring its claims against nVision.

As noted in *GIA-GMI*, there are two courts that arguably make an exception to the proper interpretation of Rule 13—*i.e.*, that an "opposing party" must be an ***actual party*** to the litigation. But regardless of the merits of those exceptions, neither applies here. In *Banco Nacional de Cuba v. First Nat'l City Bank of New York,* 478 F.2d 191, 192 (2d Cir. 1973), the Second Circuit found that an unnamed alter ego of a named plaintiff was an "opposing party" within the meaning of Rule 13 because, among other reasons, they were "one and the same for the purposes of th[e] litigation." *Id.* at 193 n.1. Specifically, the *Banco Nacional* court "held that because the parties 'acted as a single entity' and because one was the alter ego of each other, both were 'opposing parties' within the meaning of Rule 13." *GIA-GMI*, 2007 WL 1655614, at *3 (discussing *Banco Nacional*).

The second case discussed in *GIA-GMI* is *Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384 (3d Cir. 2002). There, the Third Circuit found that:

> Where parties are functionally equivalent as in [*Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998 (10th Cir. 1993)]*,* where an unnamed party controlled the litigation, or where, as in *Banco Nacional,* an unnamed party was the alter ego of the named party, they should be treated as opposing parties within the meaning of Rule 13.

*Id.* at 391.  The *Transamerica* court then held "that an assignee of the contractual rights that were the basis of litigation and who in fact instituted the litigation on behalf of the assignors was the functional equivalent of the assignors" and thus an "opposing party" under Rule 13.  *GIA-GMI*, 2007 WL 1655614, at *3 (citing *Transamerica*, 292 F.3d at 392).

The *Transamerica* court's attempt to create a "functional equivalent" exception to the plainly worded "opposing party" requirement of Rule 13 is unworkable.  Indeed, the dissent in *Transamerica* persuasively argues that "opposing party" means an actual party to the litigation: "In sum, when a federal rule that regulates the way litigation is conducted uses the words 'opposing party,' it means just that.  In my view, none of the reasons put forth by the majority justifies departure from the plain language of the rule."  *Transamerica*, 292 F.3d at 395.  Certainly, *GIA-GMI* was skeptical of the *Transamerica*, noting "[a]s an initial matter, assuming the Third Circuit's analysis in Transamerica is correct, defendants provide absolutely no argument that Blankenship is in fact 'functionally equivalent' to GIA-GMI."  *GIA-GMI*, 2007 WL 1655614, at *3 (emphasis added).

Here, nVision does not contend, and even disclaimed any notion, that it is the alter ego or functional equivalent of, Boston Scientific, or any other party to the *BSC Lawsuit*.  *See BSC Lawsuit*, Dkt. No. 91 at p. 8, n. 3 ("To be clear, the tests and standards for claim splitting and successor liability are different, so while nVision is in privity with Boston Scientific within the meaning of the claim-splitting doctrine, nVision is not related to Boston Scientific in a way that would make Boston Scientific liable for any acts of nVision, whether as a successor entity or under any other theory.").  nVision therefore readily admits that the rare exception to the "opposing party" rule that *Banco* Nacional or *Transamerica* may have recognized do not apply to it because it is not "one and the same for the purposes of this litigation" or the alter-ego of any party in the *BSC Lawsuit*.  See *GIA-GMI*, 2007 WL 1655614, at *3 ("While the facts alleged in the FAC demonstrate that Blankenship was closely involved with GIA-GMI, there is no allegation in the FAC that Blankenship is 'one and the same for purposes of this litigation,' controls this ligation on behalf of GIA-GMI, or is the alter ego of GIA-GMI.  Thus, neither Transamerica nor Banco Nacional support defendants' argument that Blankenship is the

functional equivalent of GIA, even under the broader reading of 'opposing party' espoused by those courts.").

Even if nVision and Boston Scientific had not already repudiated any basis for finding shelter in *Transamerica*'s "functional equivalent" exception, nVision is not the "functional equivalent" of Ms. Sarna or Boston Scientific. Merely being in privity—the only argument that nVision makes—is not enough, per *Noel* and *GIA-GMI*, because privity existed between the plaintiff and non-plaintiff counterdefendants who were found to not be "opposing parties" in those cases. *Noel*, 341 F.3d at 1170-71; *GIA-GMI*, 2007 WL 1655614, at *1-5. *GIA-GMI* instructs why nVision is not the functional equivalent of either Ms. Sarna or Boston Scientific:

> While the facts alleged in the FAC demonstrate that Blankenship was closely involved with GIA-GMI, there is no allegation in the FAC that Blankenship is "one and the same for purposes of this litigation," controls this litigation on behalf of GIA-GMI, or is the alter ego of GIA-GMI. Thus, neither *Transamerica* nor *Banco Nacional* support defendants' argument that Blankenship is the functional equivalent of GIA, even under the broad reading of "opposing party" espoused by those courts.

*GIA-GMI*, 2007 WL 1655614, at *3.

Applying this rationale to the case:

- *First*, nVision is not the "functional equivalent" of Ms. Sarna. She is simply an officer of nVision, like Mr. Blankenship was an officer of GIA-GMI in the *GIA-GMI* case.
- *Second*, nVision is not the "functional equivalent" of Boston Scientific, a point which Boston Scientific could not have made any clearer in its last round of briefing on claim splitting. nVision is a separate subsidiary of Boston Scientific and does not purport to control its parent, including in regards to the *BSC Lawsuit*. *BSC Lawsuit*, Dkt. No. 91 at p. 8, n. 3.
- *Third*, nVision and Boston Scientific expressly disclaimed any notion that they are alter-egos of each other. *BSC Lawsuit*, Dkt. No. 91 at p. 8, n. 3.
- *Fourth*, nVision is not a plaintiff and did not assert declaratory judgment claims in the *BSC Lawsuit*.

- *Fifth*, nVision makes no argument that it is the "functional equivalent" of anyone in the *BSC Lawsuit* or that nVision controls any plaintiff in the *BSC Lawsuit*. Rather, it argues that it is in privity with Boston Scientific because it is a wholly owned subsidiary and in privity with Ms. Sarna because she is an officer of nVision. Dkt. No. 76 at 7-8.

Finally, even if there were a "functional equivalence" exception to the "opposing party" requirement of Rule 13, nVision is not the "functional equivalent" of any plaintiff in the *BSC Lawsuit*.

As Judge Armstrong noted: "While other Circuits have carved exceptions to this plain meaning in instances where there was no question that the counterclaim defendant was ***in all salient legal respects identical to a named party***, such is not the case here." *GIA-GMI*, 2007 WL 1655614, at *4 (emphasis added). Because nVision is not "in all salient legal respects identical to a named party" in the *BSC Lawsuit*, it cannot be deemed an "opposing party" in that lawsuit regardless of whether any narrow exception might apply.[4] nVision and Boston Scientific cannot disclaim any argument that they are "in all salient legal respects identical" in the letter brief on claim splitting (*BSC Lawsuit*, Dkt. No. 91 at p. 8, n. 3) and then come back in reply to this Motion to contradictorily argue that they are in fact "one and the same."

**B.     Assuming BioCardia Could Have Filed a Claim Against nVision in the *BSC Lawsuit*, Such A Claim Would, at Most, Have Been Permissive and Permissive Claims are Not Subject to the Doctrines of Claim Preclusion and Claim Splitting**

nVision is not a party in the *BSC Lawsuit,* much less an "opposing party" to BioCardia. Thus, any claim against nVision in the *BSC Lawsuit* would at most be permissive, and permissive

---

[4] To the extent that nVision argues that the counterclaims against Ms. Sarna in the *BSC Lawsuit* are improper under Rule 13 in reply, Ms. Sarna did not advance such an argument in that litigation. Moreover, the proper remedy for any misjoinder of Ms. Sarna is severance under Rule 21, followed by consolidation. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *GIA-GMI*, 2007 WL 1655614, at *4 ("Defendants admit that, if their counterclaim is dismissed, they are free to file their claims against Blankenship as a separate lawsuit, and that such lawsuit would likely be consolidated with this case.").

claims are *not* subject to the common-law doctrines of claim preclusion and claim splitting.

Further, permissive counterclaims under Rule 13 are *not* subject to the doctrines of claim preclusion and claim splitting because, among other reasons, these doctrines would have the effect of making permissive counterclaims compulsory. *See*, *e.g.*, *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 95 Civ. 9341 (RWS), 1996 WL 351250, at *10 (S.D.N.Y. June 26, 1996):

> "[A]bsent a compulsory counterclaim rule, a pleader is *never* barred by claim preclusion from suing independently on a claim that he refrained from pleading as a counterclaim in a prior action." 6 Charles A. Wright, et al., *Federal Practice and Procedure: Jurisdiction* § 1410, at 59 (1990) (emphasis supplied); *see also* 18 Charles A. Wright, et al., *Federal Practice and Procedure: Jurisdiction* § 4414, at 109 (1981) ("Failure to advance a merely permissive counterclaim ... ordinarily does not preclude a later action."); *id.* at 116 ("If there is no compulsory counterclaim rule, a judgment has been made that a defendant should be left free to assert his claims in a court and at a time of his own choosing."). As one court recently reasoned, if *res judicata* barred a permissive counterclaim, the "permissive" counterclaim would, as a practical matter, become compulsory. *Sands v. Reimers,* No. 93–56250, 1995 U.S.App. LEXIS 5515, at *5 n. 3 (9th Cir. Mar. 17, 1995) (holding that plaintiff was not barred under *res judicata* from asserting claim that could have been asserted as counterclaim in a state court proceeding).

(emphasis added); *Painter v. Harvey*, 863 F.2d 329, 333 (4th Cir. 1988) ("If the limits of the compulsory counterclaim are no broader than res judicata, then Fed. R. Civ. P. 13(a) would be superfluous. Commentators and courts have recognized the difficulty of using a res judicata test to distinguish between permissive and compulsory counterclaims, *see* 6 C. Wright & A. Miller, *supra*, at § 1410; *Columbia Plaza Corporation v. Security National Bank,* 525 F.2d 620, 624 n. 24 (D.C.Cir.1975), and, in fact, the doctrines of preclusion have been adapted to the requirements of Fed. R. Civ. P. 13(a). *See* 6 C. Wright & A. Miller, *supra,* at § 1410. That is to say, 'absent a compulsory counterclaim rule, a pleader is never barred by res judicata from suing independently on a claim that he refrained from pleading as a counterclaim in a prior action.'"); *Bell v. Weltman, Weinberg & Reis Co, L.P.A.,* No. 1:16cv685, 2020 WL 2099924, at *5 (S.D. Ohio May 1, 2020) (holding that permissive counterclaims "are not barred by the doctrine of res judicata").

nVision itself recognizes that claims that are expressly permissive under the Federal Rules are—as a general matter—not subject to claim preclusion and claim splitting. *See* Dkt. No. 76 at pp. 12-13 (discussing *Atchison, Topeka, & Santa Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1073-74 (9th Cir. 1998) and remarking that: ". . .with respect to *Atchison*, that case involved a different situation involving a third-party impleader claim under Rule 14, **which are never subject to claim splitting**.").

In the context of Rule 14 (Third Party Practice), claims against third-parties are permissive and not subject to claim preclusion -- even when the claims arise out of the same "transaction or occurrence" that is the subject of the pending suit. Fed. R. Civ. P. 14(a). Moreover, it is an abuse of discretion to dismiss claims in a second-filed suit that were permissive claim under Rule 14 in a prior-filed suit. *Atchison*, 146 F.3d at 1073-74 (holding that "allow[ing] dismissal of Santa Fe's separate action against Hercules would eviscerate Rule 14"). Indeed, *Atchison* went further, holding that unless there was **another** procedural bar (*e.g.*, statute of limitations) a pleader retains the option of filing permissive claims and a district court's scheduling order **cannot** bar permissive claims in a separately filed action:

> In the absence of another bar like the statute of limitation, a plaintiff retains the option of filing permissive claims in a separate action.
>
> Yet the district court in this case essentially turned Santa Fe's permissive claims into compulsory ones. A district court does not have the power to limit Rule 14 in this manner simply by issuing a scheduling order to that effect. The idea that district courts may not contravene the Federal Rules of Civil Procedure is well-established in another context. Specifically, district courts may not follow local rules which are inconsistent with the federal rules. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir.1993). Likewise, the district court in this case exceeded its authority to the extent that it attempted to qualify Rule 14 with scheduling orders.

*Id.* at 1074.

Like Rule 14, Rule 13 distinguishes between counterclaims and crossclaims that are mandatory (and subject to the doctrines of claim preclusion and claim splitting) and those claims that are permissive (and not subject to those doctrines). For example, Rule 13(g) makes crossclaims between co-parties permissive even if they "arise[] out of the transaction or

occurrence that is the subject matter of the original action, " and thus claim preclusion does not bar a party from asserting such a claim in a subsequent action. *Peterson v. Watt*, 666 F.2d 361, 363 (9th Cir. 1982) (holding that because cross-claim was permissive, res judicata did not bar a party from asserting the claim in a subsequent action). Applying Rule 13(g) to the *BSC Lawsuit*, if Boston Scientific and Fortis in the *BSC Lawsuit* had claims against each other, they would have been permissive and need not be brought in that action.

In sum, because nVision was not an "opposing party" in the *BSC Lawsuit*, any counterclaim against it was, at most, permissive and not subject to the doctrines of claim preclusion and claim splitting. Claim splitting simply does not apply to the claims BioCardia brings against nVision in this action. Moreover, a district court's scheduling order cannot bar permissive claims in a second-filed suit. *Atchison*, 146 F.3d at 1074

## IV.  NVISION'S ALTERNATIVE GROUNDS FOR DISMISSAL

nVision's alternative grounds to dismiss are conclusory and inapposite. Its Rule 16 argument fails. Dkt. No. 76 at 14. There were no limits on amendment of the complaint in this case. Dkt. No. 64 at 2 ("EXXclaim's motion to dismiss the amended complaint in the second lawsuit is granted, with leave to amend. Any second amended complaint must be filed within 28 days of this order."). Moreover, there were no new claims or parties in the Second Amended Complaint in this case, just further factual detail. Dkt. No. 75.

nVision then points to arguments made in support of dismissal of claims in the *BSC Lawsuit*. Dkt. No. 76 at 14-15. Those arguments fail for the reasons BioCardia states in its oppositions to the motions lodged in the *BSC Lawsuit*.

Finally, nVision's arguments for dismissal of BioCardia's DTSA claim are the same inapposite arguments made in EXXclaim's Motion to Dismiss (Dkt. No. 79 at 13). BioCardia's opposition to EXXclaim's motion addresses this argument and explains why BioCardia has adequately pled a DTSA claim.

## V.  CONCLUSION

nVision is not an "opposing party" in the *BSC Lawsuit*. The plain language of Rule 13, the Ninth Circuit's rulings in *Noel* and *Adblox* and this district's ruling in *GIA-GMI* each confirm

this. Moreover, this authority demonstrates that BioCardia's filing of a separate suit against nVision was entirely proper. nVision's Motion, which ignores all relevant inquiries, should be denied.

Dated: October 26, 2020

By */s/ Ian N. Feinberg*
Ian N. Feinberg

FEINBERG DAY KRAMER ALBERTI LIM TONKOVICH & BELLOLI LLP

Attorneys for Plaintiff BioCardia, Inc.