IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
NICHOLAS MARTINI (SBN 237687)
nmartini@feinday.com
**FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650.825.4300/Fax: 650.460.8443

*Attorneys for Plaintiff* BioCardia, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BIOCARDIA, INC. <br><br> Plaintiff. <br><br> v. <br><br> nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, <br><br> Defendants. | CASE NO.  3:20-02829-VC <br><br> **BIOCARDIA, INC.'S OPPOSITION TO nVISION MEDICAL CORPORATION'S MOTION FOR SANCTIONS** <br><br> Date:   December 3, 2020 <br> Time:  10:00 a.m. <br><br> Judge: Hon. Vince Chhabria |

## **TABLE OF CONTENTS**

I.   THERE SHOULD BE NO SANCTIONS BECAUSE NVISION'S CLAIM SPLITTING ASSERTION IS INCORRECT ............................................................................................. 1

II.  THIS SUIT WAS BROUGHT IN GOOD FAITH AND CONTINUES TO BE MAINTAINED IN GOOD FAITH ........................................................................................ 2

## TABLE OF AUTHORITIES

**Cases**

*Bradford v. Usher*,
  17-cv-1128, 2020 WL 1689711 (E.D. Cal. Apr. 7, 2020) ............................................................ 2

*GIA-GMI, LLC v. Michener*,
  No. C-06-7949-SBA, 2007 WL 1655614 (N.D. Cal. June 7, 2007) ........................................ 1, 3

*In re Adblox, Inc.*,
  488 F.3d 836 (9th Cir. 2007) ................................................................................................. 1, 3

*Lahiri v. Universal Music & Video Distribution Corp.*,
  606 F.3d 1216 (9th Cir. 2010) ................................................................................................... 2

*Noel v. Hall*,
  341 F.3d 1148 (9th Cir. 2003) ................................................................................................... 1

**I.      THERE SHOULD BE NO SANCTIONS BECAUSE NVISION'S CLAIM SPLITTING ASSERTION IS INCORRECT**

nVision seeks sanctions pursuant to the Court's inherent authority for BioCardia (1) filing and (2) maintaining this case through its Second Amended Complaint ("SAC") because of perceived claim splitting. Dkt. No. 77 at iii (Notice of Motion and Motion). The Court should not award sanctions because claim splitting does not apply and is not the relevant inquiry. The relevant inquiry—which nVision does not address—is whether BioCardia's claims against nVision were compulsory counterclaims within the meaning of Rule 13 in. They were not.

As set forth in BioCardia's Opposition to nVision's Motion to Dismiss (Dkt No. 77), BioCardia is the ***defendant*** in the *BSC Lawsuit*. As the defendant in the *BSC Lawsuit*, BioCardia's claims against nVision could ***not have been*** compulsory counterclaims in the *BSC Lawsuit* under Rule 13. nVision was not a party to the *BSC Lawsuit* much less a plaintiff against whom counterclaims would be proper.

Rule 13—which is not mentioned in nVision's Motion to Dismiss or its Motion for Sanctions—dooms nVision's argument that there has been improper claim splitting with the filing of this case. There is ample authority from (1) the plain language of Rule 13 to (2) *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) to (3) *In re Adblox, Inc.*, 488 F.3d 836 (9th Cir. 2007) to (4) *GIA-GMI, LLC v. Michener*, No. C-06-7949-SBA, 2007 WL 1655614 (N.D. Cal. June 7, 2007), that nVision's claim splitting arguments are incorrect. This authority demonstrates that BioCardia's filing of a separate suit against nVision was not only procedurally proper, ***it was the procedure endorsed by this District***. *GIA-GMI*, 2007 WL 1655614, at *3-5.

Assuming BioCardia could counterclaim against nVision in the *BSC Lawsuit*, such counterclaims would be permissive because nVision was not an "opposing party" under Rule 13. The doctrines of claim preclusion and claim splitting are inapplicable to permissive counterclaims under the Federal Rules. Accordingly, there are multiple ways in which nVision's Motion fails under Rule 13, which again is not addressed anywhere in nVision's two motions.

BioCardia's action against nVision is procedurally proper under Rule 13, and endorsed by Ninth Circuit authority and authority in this District. A procedurally proper case is not

sanctionable.  If nVision believes that it should have been a counterdefendant in the *BSC Lawsuit*, then nVision should have been a plaintiff in that suit.  nVision's omission as plaintiff from the *BSC Lawsuit* means that a new lawsuit against nVision had to be brought in light of Rule 13.  This suit was entirely proper and hence not sanctionable.

## II.   THIS SUIT WAS BROUGHT IN GOOD FAITH AND CONTINUES TO BE MAINTAINED IN GOOD FAITH

As nVision acknowledges, sanctions pursuant to the Court's inherent authority require a finding of bad faith.[1]  Dkt. No. 77 at 4.  The objective facts demonstrate no bad faith in bringing or maintaining this action against nVision.

*First*, BioCardia did not perceive a claim splitting issue when it filed this action against nVision on April 23, 2020.  Dkt. No. 1.

*Second*, nVision apparently did not perceive a claim splitting issue when it initially answered and counterclaimed on June 22, 2020 without raising or moving to dismiss on claim splitting grounds.  Dkt. No. 51.

*Third***,** claim splitting was first raised by the Court during the July 16, 2020 hearing, after which the Court ordered a ten-page joint letter brief concerning the issue to be filed five days later on July 21, 2020.  Dkt. No. 88; *BSC Lawsuit*, Dkt. No. 91 (the joint letter brief).

*Fourth*, following the July 23, 2020 hearing concerning, among other things, the issue of claim splitting, the Court granted BioCardia leave to amend its complaint within twenty-eight days.[2]  Dkt. No. 64 at 2.  The Court also deferred ruling on the claim splitting issue: "nVision's request to dismiss the second lawsuit on claim-splitting grounds—made not by motion but in response to questions posed by the Court—very likely has merit.  But in fairness, BioCardia should

---

[1] Moreover, the burden of proof required in making a finding of bad faith and awarding sanctions under the Court's inherent authority is high: "The Ninth Circuit has not decided the burden of proof required for an award of sanctions, but has held that clear and convincing evidence of bad faith will suffice." *Bradford v. Usher*, 17-cv-1128, 2020 WL 1689711, at *4 (E.D. Cal. Apr. 7, 2020) (citing *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010)).

[2] Contrary to nVision's argument on page 6 of its Motion for Sanctions, the Court granted leave in this action to file a second amended complaint without restriction. Dkt. No. 64 at 2.  Moreover, there were no new claims or parties in the Second Amended Complaint in this case, just further factual detail.  Dkt. No. 75.

be given a fuller opportunity to respond on the issue." *Id.*

***Fifth***, immediately following the July 23, 2020 hearing, and before BioCardia filed the SAC in this case, BioCardia further investigated the claim splitting issue, and determined that in light of (1) the plain language of Rule 13, (2) the Ninth Circuit's holdings in the *Adblox case;* (3) the Ninth Circuit's holdings in the *Noel* case, and (4) this District's holdings in the *GIA-GMI* case, there was no claim splitting as a matter of law.  Further, this authority confirmed that the filing of a separate suit against nVision, a non-"opposing party" in the *BSC Lawsuit,* was endorsed by this district in the *GIA-GMI* case as the proper way to bring BioCardia's claims against nVision.

Even were this Court to decide to dismiss this case on claim splitting grounds or any other procedural ground, this Court should not find that this case was brought or maintained in bad faith. The Federal Rules, Ninth Circuit authority and this district's authority all support, at a minimum, a reasonable belief that there has been no claim splitting and that there is no procedural bar to this suit.

nVision's Motion for sanction should be denied.[3]

|  |  |
|---|---|
| Dated: October 26, 2020 | By  */s/ Ian N. Feinberg* <br> Ian N. Feinberg <br><br> FEINBERG DAY KRAMER ALBERTI LIM TONKOVICH & BELLOLI LLP <br><br> Attorneys for Plaintiff BioCardia, Inc. |

---

[3] Page 5 of nVision's Motion for Sanctions contains a fairly material misrepresentation (among numerous other misrepresentations to which BioCardia has not felt the need to respond). Specifically, nVision states that BioCardia broke an agreement to not file a separate suit against nVision and points to Dkt. No. 43 in the *BSC Lawsuit*.  This paragraph reads: "BioCardia and ***Counterdefendants*** subsequently agreed that they would resolve all of their disputes in this Action, that BioCardia would withdraw the Arbitration Demand, that Ms. Sarna would dismiss the State Court Action, and that BioCardia would assert its claims against ***Counterdefendants*** in this Action." That paragraph is unequivocally true.  nVision was not and is not a counterdefendant in the *BSC Lawsuit*, nor could it have been because nVision was not a plaintiff in that action.  *GIA-GMI*, 2007 WL 1655614, at *3-5.