David J.F. Gross (SBN 290951)
david.gross@faegredrinker.com
Nick P. Chan (SBN 286925)
nick.chan@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Ave., Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Facsimile: (650) 324-6701

[*Additional counsel listed on signature page*]

***Attorneys for Defendant***
***nVision Medical Corporation***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOCARDIA, INC., | CASE NO. 3:20-cv-02829-VC<br>(Related Case No. 3:19-CV-05645-VC) |
| Plaintiff, | |
| v. | **DEFENDANT NVISION MEDICAL CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| nVISION MEDICAL CORPORATION, ARBORETUM VENTURES IV, LP, ASTIA ANGEL nVISION LLC, CATALYST HEALTH VENTURES (PF), L.P., CATALYST HEALTH VENTURES FOLLOW-ON FUND, L.P., CATALYST HEALTH VENTURES III, L.P., CATALYST HEALTH VENTURES, LP, CHV INVESTMENTS, LLC, CHV PARTNERS FUND III, L.P., CHV-E PARTNERS III, L.P., DRAPER ASSOCIATES INVESTMENTS, LLC, DRAPER ASSOCIATES RISKMASTER FUND II, LLC, DRAPER ASSOCIATES RISKMASTERS FUND III, LLC, EXCELESTAR VENTURES I, LLC, EXXCLAIM CAPITAL PARTNERS I, LP, FOGARTY INSTITUTE FOR INNOVATION, GOLDEN SEEDS nVISION MEDICAL, LLC, LIFE SCIENCES ANGEL INVESTORS VIII, L.L.C., LMNVC, LLC, AND SERAPH nVISION, LLC, | District Judge:  Hon. Vince Chhabria<br><br>Hearing:  December 3, 2020 (10:00 AM PT)<br><br>JURY TRIAL REQUESTED |
| Defendants. | |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

     I.     BioCardia Could Have Brought Its Claims Against nVision In *BioCardia I*. .......................................................................................................... 2

     II.    Claim Splitting Applies To BioCardia's Claims Against nVision Regardless Of Whether Those Claims Would Have Been Permissive Counterclaims. ................................................................................................. 3

     III.   The Term "Opposing Party" In Rule 13 Should Be Interpreted To Include Parties In Privity With The Named Parties, Making BioCardia's Claims Against nVision Compulsory. ............................................................. 6

     IV.   The Parties' Agreement To Litigate All Related Claims Together Is Yet Another Reason Any Claims Against nVision Should Have Been Brought In *BioCardia I*. ........................................................................................... 9

     V.    BioCardia's Complaint Should Also Be Dismissed And/Or Stricken For Additional Reasons. ............................................................................ 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adams v. Cal. Dept. of Health Servs.*,
    487 F.3d 684 (9th Cir. 2007) ..................................................................1, 6

*Aliya Medcare Fin., LLC v. Nickell*,
    2016 WL 7444610 (C.D. Cal. Aug. 16, 2016).......................................3

*Alta Devices, Inc. v. LG Elecs., Inc.*,
    343 F. Supp. 3d 868 (N.D. Cal. 2018) .................................................10

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013).................................................................................9

*Bell v. Weltman, Weinberg & Reis Co.*,
    2020 WL 2099924 (S.D. Ohio May 1, 2020) .......................................4

*Exxon Mobil Corp. v. Polar Equip., Inc.*,
    2008 WL 11340305 (D. Alaska Nov. 18, 2008).............................4, 5, 6

*Fina Oil and Chem. Co. v. Ewen*,
    123 F.3d 1466 (Fed. Cir. 1997).............................................................10

*Fnbn-Rescon I LLC v. Citrus El Dorado LLC*,
    2015 WL 11416171 (C.D. Cal. Feb. 6, 2015)........................................5

*GIA-GMI, LLC v. Michener*,
    2007 1655614 (N.D. Cal. June 7, 2007) ..........................................2, 7

*Heidelberg USA, Inc. v. PM Lithographers, Inc.*,
    2017 WL 7201872 (C.D. Cal. Oct. 19, 2017)........................................3

*Int'l Ambassador Programs, Inc. v. Archexpo*,
    68 F.3d 337 (9th Cir. 1995) ..............................................................1, 4, 6

*Marina Vape, LLC v. Nashick*,
    2016 WL 9086939 (C.D. Cal. May 6, 2016) .........................................8

*Mason Tenders Dist. Council Pension Fund v. Messera*,
    1996 WL 351250 (S.D.N.Y. June 26, 1996) .........................................4

*Mason Tenders Dist. Council Pension Fund v. Messera*,
    1996 WL 578048 (S.D.N.Y. Oct. 8, 1996) ...........................................4

*Mitchell v. CB Richard Ellis Long Term Disability Plan*,
  611 F.3d 1192 (9th Cir. 2010) .............................................................................8

*Noel v. Hall*,
  341 F.3d 1148 (9th Cir. 2003) ...........................................................................4, 7

*Nolette v. City of Boulder*,
  804 F. App'x 587 (9th Cir. 2020) .........................................................................6

*Painter v. Harvey*,
  863 F.2d 329 (4th Cir. 1988) .................................................................................4

*Palumbo Design, LLC v. 1169 Hillcrest, LLC*,
  2020 WL 5498065 (C.D. Cal. July 14, 2020) .......................................................8

*Schulz v. Cisco Webex, LLC*,
  2014 WL 2115168 (N.D. Cal. May 20, 2014) .....................................................10

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*,
  292 F.3d 384 (3d Cir. 2002) (Alito, J.) ............................................................2, 7, 8

## RULES

Fed. R. Civ. P. 13 ................................................................................................. passim

Fed. R. Civ. P. 13(a) ............................................................................................2, 7, 8

Fed. R. Civ. P. 13(a)(1) ..............................................................................................6

Fed. R. Civ. P. 13(a)(1)(B) .........................................................................................7

Fed. R. Civ. P. 20 ........................................................................................................3

## OTHER AUTHORITIES

Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1404 (3d ed.) .......................................7

Restatement (Second) of Judgments § 22 (1982) .....................................................1, 5

## INTRODUCTION

As the Court previously informed BioCardia at the July 2020 hearing, "I just think you still don't understand the issue at all.  The issue is that the lawsuit against nVision . . . is almost certainly improper claim splitting."  (Dkt. 77-3 at 12.)[1]  BioCardia continues to miss the point. By filing the second action against nVision, BioCardia engaged in quintessential claim splitting: it filed affirmative claims against Boston Scientific and Sarna in *BioCardia I*, blew the amendment deadline, and then filed the same claims against nVision—who is unquestionably in privity with both Boston Scientific and Sarna—in *BioCardia II*.  Nothing in BioCardia's opposition addresses this.  BioCardia does not dispute that *BioCardia II* satisfies the test for claim splitting—*i.e.*, "the causes of action and relief sought, as well as the parties or privies to the action, are the same" as in *BioCardia I*.  *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007).  Moreover, BioCardia has abandoned all the prior arguments raised in its letter brief.  Rather than engage on the issue of claim splitting, BioCardia relies entirely on Federal Rule of Civil Procedure 13, arguing that its counterclaims against nVision were not "compulsory counterclaims" under Rule 13, and, according to BioCardia, "[t]he doctrines of claim preclusion and claim splitting do not apply to permissive counterclaims."  (Dkt. 82 at 4.) BioCardia is mistaken for at least three reasons.

First, Rule 13 is irrelevant to the claim splitting analysis.  Rule 13 applies only to bar certain claims that could have been brought, but were not, in response to a given complaint. Claim splitting, on the other hand, provides that once claims are affirmatively brought in a first action, a party cannot subsequently file the same claims against a party to the first action or their privies in a separate action.  There is no overlap between Rule 13 and the doctrine against claim splitting.  Moreover, the Ninth Circuit has made clear that permissive counterclaims *are* subject to claim preclusion where, as here, "'[t]he relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial

---

[1] Docket citations are to documents filed in this case unless specifically identified as relating to documents filed in Case No. 3:19-CV-05645 (*BioCardia I*).

NVISION'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS
No. 3:20-CV-02829-VC

judgment or would impair rights established in the initial action.'" *Int'l Ambassador Programs, Inc. v. Archexpo*, 68 F.3d 337, 340 n.2 (9th Cir. 1995) (quoting Restatement (Second) of Judgments § 22 (1982)).  Consequently, whether BioCardia's claims are permissive or compulsory is irrelevant to the claim splitting inquiry.

Second, even if BioCardia were correct that Rule 13 somehow limits the prohibition against claim splitting as to permissive counterclaims, the Court should reject BioCardia's characterization of its counterclaims as merely permissive.  Courts have deemed a party's counterclaims compulsory under Rule 13 to avoid frustrating the doctrine of claim preclusion. *See, e.g.*, *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392-93 (3d Cir. 2002) (Alito, J.) ("[T]he term 'opposing party' in Rule 13(a) should mirror the understanding of the parallel actors in the res judicata context . . . 'opposing party' in Rule 13(a) should include parties in privity with the formally named opposing parties.").  This reasoning applies here, making BioCardia's claims against nVision compulsory in *BioCardia I*.

Third, the parties expressly agreed "that they would resolve all of their disputes in *[BioCardia I]*."  (*BioCardia I*, Dkt. 22 at ¶ 6.)   This agreement, like any forum-selection clause agreed to by the parties, should be enforced to make *BioCardia I* the exclusive forum for resolution of all issues relating to Sarna's prior employment by BioCardia.  This is yet another reason why BioCardia was required to file any claims against nVision in *BioCardia I*.

For all these reasons, Rule 13 does not prevent the Court from dismissing *BioCardia II*— a case that BioCardia does not dispute is quintessential claim splitting.

## ARGUMENT

## I.      BioCardia Could Have Brought Its Claims Against nVision In *BioCardia I*.

In its opposition, BioCardia argues that it was not allowed to bring its claims against nVision as counterclaims in *BioCardia I*, stating that "[i]f BioCardia had counterclaimed against nVision, a non-party in the *BSC Lawsuit*, nVision would have readily moved to dismiss those claims under Rule 13."  (Dkt. 82 at 9 (citing *GIA-GMI, LLC v. Michener*, 2007 1655614, at *4-5 (N.D. Cal. June 7, 2007).)  BioCardia's argument is incorrect.

The only case BioCardia cites in support of its argument—*GIA-GMI*—involved a situation where the defendant asserted counterclaims ***only*** against a nonparty; the defendant did not assert any counterclaims against the original plaintiff.  2007 WL 1655614, at *1-2.  Here, by contrast, BioCardia did bring counterclaims against the original plaintiffs, Boston Scientific and Fortis.  Once those counterclaims were brought, "FRCP 13(h) explicitly provides that 'Rules 19 and 20 govern the addition of a person as a party to a counterclaim.'  Rule 20, in turn, explicitly states that ***a party may be added as a defendant where 'any right to relief is asserted against [the party]*** jointly, severally, or in the alternative with respect to or ***arising out of the same transaction, occurrence, or series of transactions or occurrences***; and [ ] any question of law or fact common to all defendants will arise in the action."  *Aliya Medcare Fin., LLC v. Nickell*, 2016 WL 7444610, at *11 (C.D. Cal. Aug. 16, 2016) (emphasis added); *see also Heidelberg USA, Inc. v. PM Lithographers, Inc.*, 2017 WL 7201872, at *5 (C.D. Cal. Oct. 19, 2017) ("Rule 13 permits the addition of nonparties to an action through a counterclaim. . . . [A]n entity that was not previously a party to the action may be joined as a counterclaim defendant if the counterclaim arises out of the same transaction or occurrence at issue in the counterclaim and there is a common question of law or fact common to all entities defending against the counterclaim.").  Indeed, this is exactly what BioCardia did with respect to Sarna—BioCardia asserted counterclaims against her even though she was not an original party *BioCardia I*.

Accordingly, BioCardia could have asserted its counterclaims against nVision in *BioCardia I*—just as it asserted its counterclaims against Sarna in *BioCardia I*.  But BioCardia blew the deadline to add nVision to *BioCardia I*, which is why it filed *BioCardia II*.  The claim splitting doctrine does not allow BioCardia to do this.

## II.    Claim Splitting Applies To BioCardia's Claims Against nVision Regardless Of Whether Those Claims Would Have Been Permissive Counterclaims.

BioCardia argues that even if it could have brought its claims against nVision as counterclaims in *BioCardia I*, any such counterclaims would have been "at most, permissive and not subject to the doctrines of claim preclusion and claim splitting."  (Dkt. 82 at 15; *see id.* at  4,

3

12-13.)  This argument misses the point entirely.  BioCardia chose to file affirmative

counterclaims in *BioCardia I* against Boston Scientific and Sarna.  Having brought these claims,

BioCardia cannot file the same claims against nVision—who is undisputedly in privity with

Boston Scientific and Sarna—in a separate action.  The claim splitting doctrine does not bar this

separate action against nVision because it should have been filed in response to Boston

Scientific's declaratory-judgment claims under Rule 13.  Rather, claim splitting bars the separate

action against nVision because it should have been filed with the same claims that BioCardia did

file (as counterclaims) in *BioCardia I*.

   BioCardia fails to identify any authority that limits the prohibition against claim splitting

based on Rule 13.  In fact, none of BioCardia's cases discuss claim splitting at all.  BioCardia's

lead case, *Mason Tenders Dist. Council Pension Fund v. Messera*, specifically discussed

application of claim preclusion to a claim that a party "***refrained from pleading*** as a

counterclaim in a prior action."  1996 WL 351250, *10 (S.D.N.Y. June 26, 1996).[2]  Here, in

contrast, BioCardia ***did plead*** its claims as counterclaims, and is now attempting to pursue those

same claims in a separate action.  *See Mason Tenders Dist. Council Pension Fund v. Messera*,

1996 WL 578048, *2 (S.D.N.Y. Oct. 8, 1996) (clarifying prior opinion: "[T]he permissive

counterclaim rule does not bar application of *res judicata* when a party submits the same claims

in separate actions.").  *Painter v. Harvey* involved whether a counterclaim was compulsory so as

to allow for ancillary jurisdiction in a single action; it is irrelevant to the present situation.  863

F.2d 329, 333 (4th Cir. 1988).  And in *Bell v. Weltman, Weinberg & Reis Co.*, the prior action

did not include affirmative counterclaims and related to a different transaction or occurrence than

was at issue in the second suit.  2020 WL 2099924, at *1, 4 (S.D. Ohio May 1, 2020).

Consequently*, Bell's* holdings are irrelevant to a claim splitting analysis.

   In any case, the Ninth Circuit has squarely rejected the notion that permissive

counterclaims are not subject to claim preclusion.  *Int'l Ambassador*, 68 F.3d at 340-41; *accord*

---

[2] *Noel v. Hall* similarly addresses preclusion of claims that were ***not filed*** in an earlier action,
which is the opposite of the present circumstance.  341 F.3d 1148 (9th Cir. 2003).

*Exxon Mobil Corp. v. Polar Equip., Inc.*, 2008 WL 11340305, at *5 (D. Alaska Nov. 18, 2008) ("In *International Ambassador* . . . the court employed a [Restatement] 22(2)(b) analysis to determine whether Ambassador's permissive counterclaim was barred by res judicata."); *Fnbn-Rescon I LLC v. Citrus El Dorado LLC*, 2015 WL 11416171, at *4 (C.D. Cal. Feb. 6, 2015). Indeed, BioCardia's theory produces absurd results: if permissive counterclaims are never subject to claim preclusion (as BioCardia contends), then BioCardia could lose the declaratory-judgment action against Boston Scientific only to file suit against nVision afterwards—seeking to nullify the judgment by relitigating against nVision the "permissive" claims it had just lost against Boston Scientific.  That is an irrational outcome, and one the Ninth Circuit has made clear is not allowed under basic claim preclusion principles.

In *International Ambassador*, the Ninth Circuit held that claim preclusion bars a party from bringing a counterclaim in a separate action if: (a) it was a compulsory counterclaim in the initial action, *or* (b) "'[t]he relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.'"  68 F.3d 340 n.2 (quoting Restatement (Second) of Judgments § 22 (1982)).  The Comments to the Restatement (Second) of Judgments make clear that the second prong applies to permissive counterclaims:

> Normally, in the absence of a compulsory counterclaim statute or rule of court, the defendant has a choice as to whether or not he will pursue his counterclaim in the action brought against him by the plaintiff. There are occasions, however, when allowance of a subsequent action would so plainly operate to undermine the initial judgment that the principle of finality requires preclusion of such an action.

Restatement (Second) of Judgments § 22 (1982); *accord Exxon Mobil*, 2008 WL 11340305, at *5.  This rule forecloses the absurd results that BioCardia's theory would allow.

Applied to this case, the rule makes clear that claim preclusion and claim splitting fully apply to BioCardia's claims against nVision even if they were not "compulsory counterclaims" in *BioCardia I*.  BioCardia asserts the ***same*** trade-secret misappropriation, unjust enrichment based on breach of contract, and correction-of-inventorship claims against nVision in *BioCardia*

*II* as against Boston Scientific in *BioCardia I*.  Thus, the relationship between BioCardia's

claims in *BioCardia II* and *BioCardia I* "is such that successful prosecution of the second action

would nullify the initial judgment or would impair rights established in the initial action."  *Int'l*

*Ambassador*, 68 F.3d 340 n.2.  "[I]n the claim-splitting context, the appropriate inquiry is

whether, assuming that the first suit were already final, the second suit could be precluded

pursuant to claim preclusion."  *Adams*, 487 F.3d at 689.  Assuming that *BioCardia I* reached a

final judgment on the merits, BioCardia's claims against nVision in *BioCardia II* would be

precluded pursuant to claim preclusion as an impermissible attempt to nullify the judgment or

impair the rights established in *BioCardia I*.  Thus, the doctrines of claim preclusion and claim

splitting fully apply to BioCardia's claims against nVision in *BioCardia II*, regardless of whether

the claims are considered compulsory or permissive in *BioCardia I*.  *Int'l Ambassador*, 68 F.3d

at 340-41; *Exxon Mobil*, 2008 WL 11340305, at \*5-\*6 (holding that permissive counterclaim

was barred by claim preclusion); *see also Nolette v. City of Boulder*, 804 F. App'x 587, 589 (9th

Cir. 2020) ("We are unpersuaded by Nolette's argument that her claims are not precluded by res

judicata because they were permissive, rather than compulsory, counterclaims in the prior

lawsuits." (applying Nevada law)).

### III.   The Term "Opposing Party" In Rule 13 Should Be Interpreted To Include Parties In Privity With The Named Parties, Making BioCardia's Claims Against nVision Compulsory.

As discussed above, the Court need not find that BioCardia's claims against nVision are

"compulsory" for claim splitting to apply.  Nevertheless, the Court should deem such claims

"compulsory" under Rule 13 by interpreting "opposing party" to include parties in privity with

the named parties.

Rule 13(a)(1), which defines compulsory counterclaims, states: "A pleading must state as

a counterclaim any claim that—at the time of its service—the pleader has against an ***opposing***

***party*** if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the

opposing party's claim; and (B) does not require adding another party over whom the court

NVISION'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS
No. 3:20-CV-02829-VC

cannot acquire jurisdiction."  BioCardia argues that nVision was not an "opposing party" in *BioCardia I* and therefore any counterclaims it could have raised against nVision were not compulsory.  (Dkt. 82 at 15.)

Courts have split on whether anyone other than the named parties in the lawsuit may be regarded as an "opposing party" for purposes of Rule 13.  *See generally* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1404 (3d ed.) ("The federal courts have not given a definitive answer to the question of who is an opposing party for purposes of a counterclaim.").  BioCardia acknowledges that "[t]he Ninth Circuit has not yet directly interpreted the scope of Rule 13's 'opposing party' language."  (Dkt. 82 at 6 (quoting *GIA-GMI*, 2007 WL 1655614 at *3).)  Nevertheless, BioCardia argues that "the proper interpretation of Rule 13" is "that an 'opposing party' must be an ***actual party*** to the litigation."  (Dkt. 82 at 6-9 (citing *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) and *GIA-GMI*, 2007 WL 1655614 ).)

Neither the *Noel* nor *GIA-GMI* decisions BioCardia cites compel such a narrow interpretation of Rule 13's "opposing party" language.  *Noel* involved the interpretation of Washington state law—not the Federal Rules of Civil Procedure.  341 F.3d at 1170-71 (citing *Nancy's Product, Inc. v. Fred Meyer, Inc.*, 61 Wash. App. 645 (1991)).  *GIA-GMI* is an unpublished decision, which states that "[t]he plain meaning of 'opposing party' is . . . a named party who asserted a claim against the counterclaimants."  2007 WL 1655614 at *4.[3] Nevertheless, the district court in *GIA-GMI* acknowledged that "other Circuits have carved exceptions to this plain meaning," but found that "these exceptions d[id] not apply."  *Id.*

Other cases interpret "opposing party" in Rule 13 to include not only the named parties but also those in privity with them.  The leading case in this regard is the Third Circuit's decision in *Transamerica*, 292 F.3d at 392-93.  In *Transamerica*, then-Judge Alito reasoned that Rule 13

---

[3] While *GIA-GMI* focused on the plain meaning of "opposing party" in isolation, Rule 13(a) expressly contemplates that compulsory counterclaims can involve additional parties: "A pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party . . . [that] does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a)(1)(B).  Accordingly, a plain reading of Rule 13 suggests that "opposing party" is not limited to just the named parties.

should be interpreted consistent with claim preclusion principles—*i.e.*, "'opposing party' in Rule 13(a) should include parties in privity with the formally named opposing parties":

> [I]nsofar as Rule 13(a) embodies the scope and rationale of the doctrine of claim preclusion, it stands to reason that the term 'opposing party' in Rule 13(a) should mirror the understanding of the parallel actors in the res judicata context. Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them. The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims. This is the same reasoning that underlies Rule 13(a). ***Therefore, "opposing party" in Rule 13(a) should include parties in privity with the formally named opposing parties.***

292 F.3d at 392–93 (emphasis added).  An interpretation of Rule 13 consistent with the doctrine of res judicata serves "the approach to judicial economy underlying the Federal Rules of Civil Procedure" and "effectuat[es] the purpose of Rule 13(a) 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'"  *Id.* at 393; *see also Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010) ("The purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court.").  Many courts, including district courts in the Ninth Circuit, have found *Transamerica*'s reasoning persuasive—particularly in instances, such as here, where fairness and judicial economy are better served with *Transamerica*'s interpretation of Rule 13.  *Palumbo Design, LLC v. 1169 Hillcrest, LLC*, 2020 WL 5498065, at *7 (C.D. Cal. July 14, 2020) ("The Court agrees with the analysis of the Third Circuit and finds it particularly applicable here."); *see also Marina Vape, LLC v. Nashick*, 2016 WL 9086939, at *7 (C.D. Cal. May 6, 2016) ("This is an appropriate interpretation 'to give effect to the policy rationale of judicial economy underlying Rule 13.'").

Under *Transamerica* and its progeny, nVision is an "opposing party" in *BioCardia I* because nVision is in privity with Boston Scientific, who is a formally named opposing party in *BioCardia I*.  Because nVision is an "opposing party" in *BioCardia I*, BioCardia's claims against nVision were compulsory in that case.

**IV.     The Parties' Agreement To Litigate All Related Claims Together Is Yet Another Reason Any Claims Against nVision Should Have Been Brought In *BioCardia I*.**

As the SAAC acknowledges, before BioCardia initially answered the declaratory judgment complaint in *BioCardia I*, the parties "agreed that they would resolve ***all of their disputes in this Action***, that BioCardia would withdraw [its] Arbitration Request, that Ms. Sarna would dismiss the State Court Action, and that BioCardia would assert its claims against Counterdefendants in this Action, including against Ms. Sarna." (*BioCardia I*, Dkt. 22 at ¶ 6 (emphasis added).)  Consistent with this agreement, BioCardia's answer asserts counterclaims not just against Boston Scientific and Fortis, the original plaintiffs, but also against Sarna. (*BioCardia I*, Dkt. 22.)

BioCardia now argues it did not technically break the parties' agreement by filing this separate action against nVision because nVision was not a "Counterdefendant" in *BioCardia I*. (*See* Dkt. 83 at 6 n.3.)  But at the time of the parties' agreement, there were no "Counterdefendants"—BioCardia had not yet asserted any counterclaims.  Contrary to BioCardia's *post hoc* argument, the parties clearly agreed that BioCardia would assert ***all*** its claims arising out of this controversy in *BioCardia I*.

The agreement between the parties to consolidate all related claims in a single action, like any forum-selection clause, represents the parties' agreement as to the proper forum and should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).  Here, the result is that BioCardia's claims against nVision could only be properly brought in *BioCardia I*.  Enforcement of this agreement is yet another factor supporting application of the doctrine against claim splitting in this case.

**V.     BioCardia's Complaint Should Also Be Dismissed And/Or Stricken For Additional Reasons.**

In addition to its claim splitting problem, BioCardia has now acknowledged that it cannot satisfy a required element of each of its claims—namely, that it was a party to a contract with

Sarna or that it owns the intellectual property at issue.  (*BioCardia I*, Dkt. 127 at 7 ("BioCardia Lifesciences, Inc. owns the rights upon which the claims in this case are based.").)  Thus, all of BioCardia's counterclaims should all be dismissed for failure to state a claim. *See, e.g.*, *Schulz v. Cisco Webex, LLC*, 2014 WL 2115168, *3-5 (N.D. Cal. May 20, 2014) (dismissing contract claims where plaintiff "is not a party to the contract at issue"); *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) ("To state a claim for trade secret misappropriation under the DTSA and the CUTSA, a plaintiff must allege that . . . (1) the plaintiff owned a trade secret"); *Fina Oil and Chem. Co. v. Ewen*, 123 F.3d 1466, 1471 (Fed. Cir. 1997) (holding that "[a] patentee or assignee may state a claim" for correction of inventorship).

Further, BioCardia has not established that it sought or obtained leave to make each of the amendments included in the SAC, and fails to state a claim for the reasons identified in co-pending motions to dismiss filed by EXXClaim in this case and by Sarna in *BioCardia I*, the replies to which are hereby incorporated by reference.

## CONCLUSION

For the foregoing reasons, the Court should dismiss *BioCardia II* it its entirety, both for improper claim splitting and for failure to state a claim.

Dated:  November 12, 2020          **FAEGRE DRINKER BIDDLE & REATH LLP**

By:    */s/ Timothy E. Grimsrud*
      David J.F. Gross (SBN 290951)
      Nick P. Chan (SBN 286925)
      FAEGRE DRINKER BIDDLE & REATH LLP
      1950 University Avenue, Suite 450
      East Palo Alto, CA 94303
      Telephone: (650) 324-6700
      Fax: (650) 324-6701
      david.gross@FaegreDrinker.com
      nick.chan@FaegreDrinker.com

      Timothy E. Grimsrud (*pro hac vice*)
      Kevin P. Wagner (*pro hac vice*)
      Lauren J.F. Barta (*pro hac vice*)
      FAEGRE DRINKER BIDDLE & REATH LLP
      2200 Wells Fargo Center
      90 South 7th Street
      Minneapolis, MN 55402
      Telephone: (612) 766-7000
      Fax: (612) 766-1600
      tim.grimsrud@FaegreDrinker.com
      kevin.wagner@FaegreDrinker.com
      lauren.barta@FaegreDrinker.com

      ***Attorneys for Defendant nVision Medical Corporation***

11