

Ian N. Feinberg
ifeinberg@feinday.com
Feinberg Day
577 Airport Blvd., Suite 250
Burlingame, CA 94010
T:  650.825.4300

December 22, 2020

Hon. District Judge Vince Chhabria
San Francisco Courthouse, Courtroom 4 - 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Boston Scientific Corporation, et al v. BioCardia, Inc*., No. 3:19-cv-05645-VC
        *BioCardia, Inc. v. nVision, et al*., No. 3:20-cv-02829-VC

Dear Judge Chhabria:

BioCardia's counterclaims and claims in the above captioned cases were either properly dismissed without prejudice under Rule 41 or must be dismissed without prejudice due to lack of standing.  The declaratory judgment claims of BSC, Scimed and Fortis should also be dismissed without prejudice for lack of a case or controversy.

## I.     BioCardia Properly Dismissed its Claims Under Rule 41

Rule 41(a)(1)(A)(i) permits a plaintiff to unilaterally dismiss its claims without prejudice prior to the filing of an answer, responsive pleading or motion for summary judgment.[1]  A notice of dismissal under these rules is effective even if it covers a subset of the opposing parties or a subset of the claims against an individual opposing party.  *Pedrina v. Chun*, 987 F.2d 608, 609–10 (9th Cir. 1993).  Moreover, such dismissals may be made in the face of a pending motion to dismiss.  *Advanced Engineering Solution, Inc. v. Paccar, Inc.,* No. 5;12-CV-00986-LHK, 2012 WL 4005557, at *2 (N.D. Cal. Sept. 12, 2012); *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1104 n.3 (9th Cir. 2007) ("A Rule 12(b)(6) motion to dismiss is not such a responsive pleading."); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005).   Rule 41(a)(1)(A)(i) is available as to a defendant who has not answered even if other defendants have answered.  *Advanced Engineering Solution*, 2012 WL 4005557, at *2 ("The mere fact that Paccar, another co-Defendant, had served an answer prior to Plaintiff's request for dismissal does not vitiate Plaintiff's 'absolute right to voluntarily dismiss ... some or all of the defendants' so long as

---

[1]  The analogous rule for dismissal of counterclaims is Rule 41(c), which references rule 41(a)(1)(A)(i).  A motion to dismiss a counterclaim is not a responsive pleading and therefore may be voluntarily dismissed.  *Dept. of Educ., Hawaii v. C.B. ex rel. Donna B*, No. 11-00576 SOM/RLP, 2012 WL 1081073, *3 (D. Hawai'i March 29, 2012).

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010
650.825.4300 • 650.460.8443 fax • www.feinday.com

1



the Defendants whom Plaintiff seeks to dismiss have not yet served an answer or motion for summary judgment."); *Welsh v. Correct Care, L.L.C.*, 915 F3d 341, 344 (5th Cir. 2019). Because dismissal is effective on filing and no court order is required, "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subject of the notice" and "[s]uch a dismissal leaves the parties as though no action had been brought." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

Counterdefendants BSC, Scimed and Fortis in the BSC Case and defendant nVision in the nVision Case may argue that BioCardia's Rule 41 notices were ineffective as to them because they filed answers to previous pleadings, although they moved to dismiss the operative pleadings.[2] Such an argument is incorrect notwithstanding the opinion in *Sanchez v. Seterus, Inc.*, No. 17-cv-011983-HRL, 2017 WL 4355146, *3 (N.D. Cal. Oct. 2, is 2017). While noting no Ninth Circuit authority on point, the *Sanchez* court held that an answer to an inoperative complaint does preclude Rule 41(a)(1) dismissal of an operative complaint. *Id.* BioCardia respectfully submits that the *Sanchez* court is incorrect because "[i]t is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as *non-existent*." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal quotation omitted); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). An answer to a superseded pleading is similarly inoperative and nonexistent. *Bryant v. Mattel, Inc.,* No. CV-04-9049 DOC (RNBx), 2010 WL 11463865, at *5 (C.D. Cal. Oct. 5, 2010). Therefore, an answer that does not exist to a pleading that does not exist cannot be an "answer" under Rule 41(a)(1) under controlling Ninth Circuit law. Accordingly, BioCardia properly dismissed all counterclaims and claims without prejudice under Rule 41(a)(1)(A)(i).

To the extent that the Court finds that the Rule 41(a)(1) dismissals were ineffective as to any party, BioCardia respectfully requests dismissal by court order under Rule 41(a)(2). Such dismissals are without prejudice by default. Fed. R. Civ. P. 41(a)(2).

## II.   Dismissal for Lack of Standing in this Case Must be a Non-Merits Based Dismissal Under Rule 12(b)(1), and Rule 12(b)(6) is Inapplicable

It is undisputed that BioCardia, Inc. is the parent of BioCardia Lifesciences, Inc. Whether a shareholder (*i.e.*, BioCardia, Inc.) may bring suit to enforce the contractual and intellectual property rights of an entity it owns (*i.e.*, BioCardia Lifesciences, Inc.) is a question of Article III standing per the Ninth Circuit. *Virginia Sur. Co. v. Northrup Gruman Corp.*, 144 F.3d 1243, 1245-47 (9th Cir. 1998); *EMI Ltd. v. Bennett,* 738 F.2d 994, 997 (9th Cir. 1984), cert. denied, 469 U.S. 1073 (1984) ("Generally, a shareholder does not have standing to redress an injury to the corporation in which it holds stock."); *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595-96, (9th Cir. 1983), cert. denied, 464 U.S. 1012 (1983) ("To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the

---

[2] Counterdefendant Ms. Sarna in the BSC Case and the "Shareholder Defendants" in the nVision Case (*e.g.*, EXXclaim) cannot make this argument because they have never answered. *Advanced Engineering Solution*, 2012 WL 4005557, at *2.

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010
650.825.4300 • 650.460.8443 fax • www.feinday.com

2



corporation . . . A shareholder must be injured directly and independently of the corporation."). This is known as the "Shareholder Standing Rule." *See also Sovereign Asset Management, Inc. v. Health Net Insurance Co*, No. CV-18-9360 FMO (DFMx), 2019 WL 4640397, at **3-4 (C.D. Cal. Sept. 10, 2019) (dismissing without prejudice for lack of standing a parent company's claims that should have been brought by the parent's subsidiaries).[3]

Under Ninth Circuit law concerning the Shareholder Standing Rule, BioCardia, Inc. was not injured independent of BioCardia Lifesciences, Inc., and there is therefore no Article III standing for BioCardia's counterclaims and claims. *Sovereign Asset Management, Inc.*, 2019 WL 4640397, at **3-5 ("Plaintiff's claim against [defendant] is dismissed without prejudice to plaintiff's subsidiaries pursuing the claim."). With no Article III standing, there is no subject matter jurisdiction, and such claims must be dismissed under Rule 12(b)(1) without prejudice. *Id.* Accordingly, BioCardia's counterclaims and claims cannot be dismissed under Rule 12(b)(6).

Furthermore, when a party lacks legal and beneficial ownership of a claim, the district court lacks constitutional standing under Article III and such claims must be dismissed under Rule 12(b)(1) and not Rule 12(b)(6). In *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011), the Ninth Circuit held:

> The district court erroneously concluded that lack of Article III standing was grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Though lack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1087 n. 6 (9th Cir. 2011); *see also Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021,1022 (9th Cir. 2009) (statutory standing); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 (9th Cir. 2003) (constitutional standing).

Notably, the *Maya* court observes that the *Warren* case is one concerning **constitutional standing**. In *Warren*, the plaintiff lacked constitutional standing because he lacked legal and beneficial ownership of the copyrights he asserted. *Warren*, 328 F.3d at 1140-45. Accordingly, whether intellectual property rights are owned by the claimant, the inquiry is one of constitutional standing and Rule 12(b)(1) is the proper vehicle for deciding the issue. Here, like in *Warren*, BioCardia, Inc. lacks legal and beneficial ownership of the intellectual property and contractual rights asserted. Thus, Rule 12(b)(1) is the proper vehicle to resolve the current standing challenge and not Rule 12(b)(6). *Maya*, 658 F.3d at 1067; *Warren*, 328 F.3d at 1140-45.

Defendants' cases are inapposite because they do not concern the question of whether a shareholder has standing to redress injury to a corporation in which it owns stock and/or do not

---

[3] Courts outside the Ninth Circuit agree. *Securities Industry & Financial Markets Ass'n v. U.S. Commodity Futures Trading Comm'n*, 67 F. Supp. 3d 373, 406, 437 (D.D.C. 2014); *Aricsure Holdings, Inc. v. Frey*, No. 18-1514-RGA-MPT, 2019 WL 1324943, *9 (D. Del. March 25, 2019) (dismissing parent under Rule 12(b)(1)).

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010
650.825.4300 • 650.460.8443 fax • www.feinday.com

3



FeinbergDay

concern or address lack of Article III standing. *First*, Article III standing in *Volkswagen* was found and the *Volkswagen* court was clear that "courts can't assume Article III jurisdiction to reach the merits of a case." *In re Volkswagen Clean Diesel Mktg., Sales Practices, and Prods. Liab. Litig.*, 975 F.3d 770 (9th Cir. 2020). In *Volkswagen*, the issue was whether purchases of Volkswagen vehicles by plaintiffs at auction in the months following approval of a class action settlement were covered by a settlement agreement. The issue was not whether the purchasers ever purchased Volkswagen vehicles. Whether the purchases were covered by the settlement went to the merits and not whether one was the legal or beneficial owner of the right sought to be enforced. *Second*, the unpublished *Lindsey* case did not address the Shareholder Standing Rule, found there was Article III standing (here there is not) and, regardless, cannot be squared with the published Ninth Circuit authority above. *Lindsey v. Starwood Hotels & Resorts Worldwide Inc.*, 409 Fed. Appx. 77 (9th Cir. 2010). *Third*, in *Zirvi*, the standing issue was not resolved by the district court. *Zirvi v. Flatley*, 433 F. Supp. 3d 448 n.5 (S.D.N.Y. Jan. 14, 2020). *Fourth*, *SM Kids* is non-binding and inapposite because it merely says that Article III standing is not implicated when the issue is one of contract interpretation (like in *Volkswagen*) rather than whether one holds the rights (*e.g.*, intellectual property rights) to be enforced (like in *Warren*). *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 (2d Cir. 2020). *Fifth*, the *Torrey Pines* case cites to *Volkswagen*, *Lindsey* and *SM Kids* and is inapposite for the same reasons. *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, No. 190cv092195-H-DEB, 2010 WL 6321569 (S.D. Cal. Oct. 28, 2020).[4] In sum, there is no persuasive authority to support dismissing the controversy on the merits because it has been established that BioCardia, Inc. does not possess the legal or beneficial ownership of the claims.

While the Court should find that Rule 12(b)(1) is applicable and Rule 12(b)(6) is not, if the Court were to dismiss "with prejudice" for lack of standing such a ruling would only bar BioCardia, Inc. from reasserting that it owned the claim *at the time of the dismissal*. It would not, for example, bar BioCardia, Inc. from obtaining claim ownership by way of assignment and reasserting the claim. *See*, *e.g.*, *Guerpo v. Amresco Residential Mortg. Corp.,* 13 Fed. Appx. 649, 651 (9th Cir. 2001). Having no preclusive effect against BioCardia, Inc. in a cured, prospective setting, a dismissal of BioCardia, Inc. "with prejudice" for lack of standing cannot have any preclusive effect whatsoever against BioCardia Lifesciences or other potential plaintiffs.

## III. The Dismissal Should be *Without* Prejudice Regardless of the Whether Rule 12(b)(1) or Rule 12(b)(6) Applies

In *Fleck*, the Ninth Circuit held that regardless of whether Rule 12(b)(1) or Rule 12(b)(6) is the basis for a standing-based related dismissal, the dismissal must be without prejudice. *Fleck*

[4] The Court previously stated "it's not clear why courts dismiss contract-based claims against defendants that are not parties to the contract under Rule 12(b)(1) instead of Rule 12(b)(6) . . . [but] "the Court will follow the approach typically taken by courts towards defendants not party to contracts and dismiss for lack of standing." *Founder Institute Inc. v. Hartford Fire Insurance Co.*, No. 200-cv-04466-VC, 2020 WL 6268539, at *1 (N.D. Cal. Oct. 22, 2020). If dismissals based on defendants' non-ownership of claims is based on Rule 12(b)(1), it is hard to understand how a dismissal for a plaintiff's non-ownership of claims would not also be under Rule 12(b)(1).

& *Associates, Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006). In *Fleck*, the defendant "filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6)." *Id.* at 1103. The district court granted the motion and dismissed with prejudice. *Id.* The Ninth Circuit found that dismissal with prejudice was reversible error. *Id.* at 1107. Specifically, *Fleck* held that because the plaintiff could not assert the rights of another "the district court lacked subject matter jurisdiction over the entirety of [plaintiff's] complaint and therefore erred by reaching the merits." *Id.* The Ninth Circuit then vacated the district court's order dismissing with prejudice and "remand[ed] with instruction to dismiss ***without prejudice***." *Id.* Because the plaintiff was not able to enforce someone else's rights, the district court was powerless to reach the merits and dismiss with prejudice regardless of whether the motion was under Rule 12(b)(1) or Rule 12(b)(6). *Id.* (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) and *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-20 (10th Cir. 2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice."). Numerous courts follow the *Fleck* holding that dismissal for lack of standing must be without prejudice. *Christiana Trust as Trustee v. SFR Investment Pool 1, LLC*, 801 Fed. Appx. 528, 530 (9th Cir. 2020); *Pleasant v. County of Merced*, 669 Fed. Appx. 388, 389 (9th Cir. 2016); *Many Cultures, One Message v. Clements*, 520 Fed. Appx. 517, 519 (9th Cir. 2013); *Koller v. Harris,* 312 F. Supp. 2d 814, 829 (N.D. Cal. 2018); *Anderson v. The Hain Celestial Group, Inc.*, 87 F. Supp. 1226, 1235 n.3 (N.D. Cal. 2015); *Stelmachers v. Verifone, Inc.*, No. 5:14-cv-04912-EJD, 2017 WL 3968871, at *5 (N.D. Cal. Sept. 7, 2017); *University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009).

A case cited by opposing counsel confirms that a dismissal for lack of standing—even on summary judgment—should be without prejudice. In *In re Phenylpropanolamine (PPA) Products Liability Litigation*, MDL No. 1407, 2006 WL 2136722 (W.D. Wash. July 28, 2006), the district court granted summary judgment of no standing, denied plaintiff's Rule 17 motion to correct standing and dismissed the matter ***without prejudice***. *Id.* at *4. Here, the parties agree that BioCardia, Inc. lacks standing to assert the claims. BioCardia's Rule 17 motions have been withdrawn and BioCardia Inc.'s counterclaims and claims should be dismissed without prejudice.

## IV. The Declaratory Relief Claims in the BSC Case Should Be Dismissed Without Prejudice Because They Admit There is No Case or Controversy

Article III of the U.S. Constitution limits a federal court's judicial power to "cases" or "controversies." BSC, Scimed and Fortis's claims in the BSC Case are for declaratory relief under 28 U.S.C. § 2201, which are limited to "case[s] of actual controversy." Here, given that all parties agree that BioCardia, Inc. does not have standing for its counterclaims, which mirror BSC, Scimed and Fortis's declaratory relief claims, BSC, Scimed and Fortis therefore implicitly admit there is no jurisdiction, and such claims should be dismissed without prejudice.

Respectfully submitted,

*/s/ Ian N. Feinberg*
Ian N. Feinberg

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010
650.825.4300 • 650.460.8443 fax • www.feinday.com

5